[No. B001430. Second Dist., Div. Four. Aug. 17, 1984.]

CHASE CHEMICAL COMPANY, INC.,
Cross-complainant and Appellant, v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY,
Cross-defendant and Respondent.

## COUNSEL

McCashin & Portugal, James P. McCashin II and Jon N. Manzanares for Cross-complainant and Appellant.

Schell & Delamer, Fred B. Belanger, Kenneth B. Prindle and Michael L. Amaro for Cross-defendant and Respondent.

## OPINION

**McCLOSKY, Acting P. J.**—Chase Chemical Company, Inc. (Chase) appeals from the February 24, 1983, order of dismissal as to Hartford Insurance Group dba Hartford Accident and Indemnity Company (Hartford) after Hartford's demurrer to Chase's second amended cross-complaint was sustained without leave to amend.

The following issues are presented for resolution:

1. Does Labor Code section 3864[1] bar Chase's second amended cross-complaint for "comparative contribution" against Hartford?

2. Did Chase state a valid cause of action against Hartford for comparative indemnity stemming from Hartford's aggravation of plaintiffs' initial work-related injuries?

3. Did Chase in its second amended cross-complaint state any cause of action against Hartford?

### FACTS

Maureen Baile and Susan Jensen (plaintiffs) brought an action for personal injuries, negligence and products liability against third parties Unique Industries, Inc. and Chase for injuries that they had sustained while using a certain degreasing machine.

[1]All statutory references herein are to the Labor Code unless otherwise stated.

Chase filed its answer to plaintiffs' complaint and filed a cross-complaint for indemnity, comparative contribution and offset of workers' compensation benefits against, among others, Data Con, Inc. (Data Con), plaintiffs' employer, and Hartford, Data Con's workers' compensation insurance carrier.

On April 6, 1982, Hartford demurred to Chase's cross-complaint on the grounds that Chase's causes of action for indemnity and contribution were barred by section 3864 and that Hartford owed no duty of care to plaintiffs.

On April 19, 1982, the trial court sustained Hartford's demurrer on the ground that the pleading did not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Leave to amend was granted.

After two more unsuccessful attempts by Chase to state causes of action for comparative indemnity or offset of workers' compensation benefits against Data Con and Hartford, the trial court sustained Hartford's demurrer to Chase's second amended cross-complaint without leave to amend. In its second amended cross-complaint, Chase had attempted to set forth a cause of action for what it calls "comparative contribution"[2] or proportional offset of workers' compensation benefits.

In sustaining Hartford's demurrer without leave to amend, the trial court found that Chase "could not sue plaintiff's [sic] employer directly, in the absence of an allegation of a written agreement to indemnify (Lab. Code, § 3864). Clearly, then, it cannot sue the employer's insurance carrier for the same conduct." The trial court further declared that, assuming the second amended cross-complaint stated a cause of action for fraud by Data Con against plaintiffs, no "case called to the Court's attention goes so far as to allow someone in the shoes of cross-complainant, a materialman, to assert any rights relating from that fraud which manifestly was not directed against it."

On February 24, 1983, an order dismissing Chase's second amended cross-complaint as to Hartford was entered. This appeal followed. Chase and Hartford are the only parties to this appeal.

---

[2]Chase states that the terms "comparative contribution" and "comparative indemnity" are used interchangeably to denote the "allocation of damages among concurrent tortfeasors on a comparative fault basis as mandated by the California Supreme Court in *American Motorcycle*." We use the term comparative "indemnity" as that term is used by the Supreme Court in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899] and in its progeny.

## DISCUSSION

When an employee is injured in the course of employment, the resolution of any claims that he has against his employer who is acting as such is governed by the Workers' Compensation Act. (§ 3200 et seq.) Thereunder, an employer's liability for compensation benefits exists without regard to fault (§ 3600), and, with certain limited exceptions, the right to recover workers' compensation benefits under section 3600 is the employee's exclusive remedy against his employer. (§§ 3601, 3602.)

By virtue of section 3852, an industrially injured employee retains his right to sue "any person other than the employer" for damages proximately resulting from the injury sustained in the course of employment.

With regard to indemnity, section 3864 provides: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

The term "employer" as used in division 4, part 1, chapter 5 of the Labor Code which chapter is entitled "Subrogation of Employer" and includes sections 3852 and 3864 includes the employer's workers' compensation carrier. (§§ 3850, subd. (b) and 3211.)

As the "alter ego" of Data Con, Hartford contends that Chase could not seek indemnity from it because no written indemnity agreement between Data Con and Chase ever existed. Chase, on the other hand, argues that section 3864 does not apply when an employer's liability is not limited by the Workers' Compensation Act.

"The purpose of Labor Code section 3864, enacted in 1959, was to eliminate the employer's liability for implied indemnity in the absence of a written agreement, because implied indemnity imposed a greater burden on the employer than was contemplated under the workers' compensation system." (*Val's Painting & Drywall, Inc.* v. *Allstate Ins. Co.* (1975) 53 Cal.App.3d 576, 584 [126 Cal.Rptr. 267].)

It is a well established principle of jurisprudence, that when the reason for a rule does not apply, the rule itself should not apply. To the

extent that an employer's (including insurer's) liability is not limited by the workers' compensation scheme, this principle is applicable.

■ In *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], our state Supreme Court recognized an exception to the general rule that an employee's sole recourse against his employer is to be found in the workers' compensation scheme. The court held "that while the workers' compensation law bars the employee's action at law for his initial injury, a cause of action may exist for aggravation of the disease because of the employer's fraudulent concealment of the condition and its cause." (*Id.*, at p. 469.) That is so because in so doing, the employer has stepped outside its Workers' Compensation Act protected role as an employer.[3]

■ Hence, if an employee sues his employer at law for aggravation of his initial injuries because of his employer's fraudulent concealment of the existence of the condition and its cause and connection with employment, then, since the employer has stepped outside of that protected role as an employer, a third party is entitled to such indemnity from the employer for such aggravation without regard to the lack of existence of a written indemnity agreement for those damages proximately caused by the aggravation.

With regard to the initial injury which remains governed by the workers' compensation system, section 3864 still applies. Therefore, in the absence of a written indemnity agreement executed between the employer and the third party prior to the injury, that third party may not successfully seek indemnity from the employer or its compensation carrier for the employee's initial injury. (See *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d 465; *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063] and *Alameda Tank Co.* v. *Starkist Foods, Inc.* (1980) 103 Cal.App.3d 428 [162 Cal.Rptr. 924].)

■ The next question to be decided is whether an employee can bring a common law action for damages against the employer's workers' compensation insurer for aggravation of industrial injuries due to that insurer's fraudulent concealment of the injury and its cause.

---

[3]In 1982, the Legislature amended section 3602 by adding, among other things, subdivision (b)(2) which provides: "(b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] . . . . [¶] (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. . . ."

We hold that the rule of *Johns-Manville* should be applied to recognize a cause of action at law against an employer's workers' compensation insurer for aggravation of the employee's injuries where the insurer's fraudulent concealment constitutes a breach of its duty to disclose. In so fraudulently concealing, the insurer steps outside of its protected role as an employer and subjects itself to an action at law. It, therefore, necessarily follows that any such tort liability on the part of the workers' compensation insurer cannot be established by derivative or vicarious liability principles but must be alleged and proven to be the act of that insurer apart from any tortious conduct on the part of the actual employer.

"Labor Code section 3850 protects insurance carriers from liability as 'third parties' by defining 'employer' to include the employer's workers' compensation insurer. Carriers thus retain immunity in most instances from civil liability under section 3852 as the 'alter ego' of the employer." (*Droz v. Pacific National Insurance Co.* (1982) 138 Cal.App.3d 181, 183 [188 Cal.Rptr. 10].)

Under the authority of *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, we conclude that an insurer who, with a duty to disclose, fraudulently conceals from an employee the existence of an injury and its cause forfeits its "alter ego" status and may be sued at law by that employee or by a third party defendant because "such conduct goes beyond the normal role of an insurer in a compensation scheme intended to protect the worker." (*Id.,* at p. 630.)

Consequently, we further hold that a third party may bring an action for comparative indemnity against such insurer in the absence of a written indemnity agreement since section 3864 would not shield that insurer who steps outside its statutorily protected employer status by such conduct.

We now proceed to decide whether the facts alleged by Chase in its second amended cross-complaint are sufficient to state a cause of action for comparative indemnity with regard to the aggravation of plaintiffs' injuries because of fraudulent concealment of the injury and its cause.

In pertinent part, Chase in its second amended cross-complaint alleged as follows:

"9. Cross-defendant DATA CON, INC., with the knowledge and approval of Cross-Defendant THE HARTFORD, researched, evaluated, tested, purchased, leased, rented or otherwise provided for use by its employees, including the Plaintiffs, the degreasing machine which is the subject of Plain-

tiffs' Complaint machine [*sic*] and each of its components and supplies used in the machine, including the chemical trichlorcethane. On or about August, 1977, and thereafter Cross-Defendants continued to require its employees, including Plaintiffs to regularly use that degreasing machine and chemicals in an unventilated area and to use and be exposed to the vapors and chemicals used therein continuously in a manner contrary to the instructions of the suppliers, up to and including the date of each Plaintiffs' termination of employment in approximately May, 1980. During that period Cross-Defendants knew of the dangers to Plaintiffs from continued improper use of the degreasing equipment but nonetheless fraudulently concealed from Plaintiffs, their physicians and investigators and from governmental agencies and others who might have prevented exacerbation of Plaintiffs' damages, if any, the true facts of Plaintiffs' work conditions and their risk of injury to Plaintiffs and each of them, thereby preventing Plaintiffs from receiving treatment for the conditions, illnesses and injuries suffered by Plaintiffs as a result thereby and further inducing Plaintiffs to continue to work at Cross-Defendant's place of employment under hazardous and continually unhealthful conditions which would not have existed had the equipment or supplies been properly maintained and utilized and had the employees, including Plaintiffs, been properly trained and protected in the use thereof.

". . . . . . . . . . . . . . . . . . . . . . .

"11. At all times herein mentioned, Cross-Defendant THE HARTFORD had obligations and duties to perform for the benefit of Plaintiffs and Cross-Defendant DATA CON, INC., as Workers' Compensation insurers for DATA CON, INC., including but not limited to periodic inspection of the premises, equipment, training and employee warnings of Cross-Defendant DATA CON, INC. for safety defects, health hazards and any potential risk of injury to or exacerbation of injuries of its employees, including Plaintiffs and were under a concomitant duty to warn DATA CON, INC. and its employees of any safety defects, health hazards or potential risk of injury or exacerbation of injury and to provide advice and suggestions on how to repair, remove or minimize such defects, hazards or risks. In addition, Cross-Defendant THE HARTFORD was consulted by Cross-Defendant DATA CON, INC. regarding the need to provide its employees, including Plaintiffs, with safety equipment; Cross-Defendant THE HARTFORD refused to authorize or recommend even the minimum safety items, even though it knew that such items were necessary to prevent further injury to those employees, including Plaintiffs.

"12. Cross-defendants and each of them were negligent in the performance of their duty or intentionally ignored their duty to inspect those prem-

ises for safety defects, health hazards or risks of injury to or exacerbation of injuries of Plaintiffs and negligently discharged or intentionally failed to discharge their accompanying duty to advise and suggest adequate repairs or protective measures for removing said defects, hazards or risks.

"13. The accident and injuries alleged in Plaintiffs' Complaint were caused by the negligent or intentional failure of Cross-Defendants DATA CON, INC. and THE HARTFORD, to properly inspect, maintain, service, and test the subject premises, equipment and products used thereon, to properly supervise and instruct Plaintiffs in the use of said premises, equipment and products and to provide a safe place to work for Plaintiffs.

"14. Any injury or damage suffered by Plaintiffs were both initially suffered and subsequently aggravated while acting in the course and scope of their employment for DATA CON, INC., which employer provided certain benefits in compliance with the terms and provisions of the Workers' Compensation laws of the State of California. Cross-complainant does not know the nature and extent of the Workers' Compensation benefits that may have been provided and will seek leave to amend its Cross-Complaint when they have been ascertained. Cross-Complainant requests that the court apply the principles of *Witt* v. *Jackson* and the subsequent cases modifying that decision as well as the case of *Johns-Manville Products* v. *Contra Costa etc.*, 27 Cal.3d 465, 612 P.2d 948 and analogous authorities so as to permit the trier of fact to provide for an offset of Cross-Complainant's liability, if any, to Plaintiff in an amount proportionate with that degree of fault which Cross-Defendants are found to bear in the causing of Plaintiffs' injuries. In the alternative, Cross-Complainant seeks comparative contribution from Cross-Defendants proportionate with their fault in causing or aggravating Plaintiffs' injuries or offset in an amount equal to the Workers' Compensation benefits paid to or on behalf of Plaintiffs."

It is clear from a reading of these allegations that Chase was seeking "comparative contribution" or indemnity based alternatively on negligence or intentional tort theories and that it was also seeking comparative indemnity for plaintiffs' initial injuries. With regard to the duty of Hartford to inspect, a compensation carrier may not be sued at law for negligently inspecting the insured employer's premises. Part of its normal role as an insurer is to conduct such inspections. As long as a compensation carrier is acting in that role, it does not become "any person other than the employer" within the meaning of section 3852. (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, 626-627; *Williams* v. *State Compensation Ins. Fund* (1975) 50 Cal.App.3d 116, 120 [123 Cal.Rptr. 812]; *State Comp. Ins. Fund* v. *Superior Court* (1965) 237 Cal.App.2d 416, 424-425 [46

Cal.Rptr. 891].) ■■■■ In its reply brief, Chase unequivocally states that its cause of action for comparative indemnity is not based on a negligence theory and that it is not seeking comparative indemnity for plaintiffs' initial injuries. It further states, without equivocation, that it "is seeking comparative contribution for the aggravation of Plaintiffs' injury on a fraud theory, pursuant to the California Supreme Court's decision in *Johns-Manville* . . . ." That is all it is allowed to do under *Johns-Manville*.

Assuming, without deciding, that the facts alleged in Chase Chemical's second amended cross-complaint are sufficient to state a cause of action for fraudulent concealment against Data Con, we must hold that these same facts are insufficient to state a cause of action for fraudulent concealment against Hartford.

■■■■ "The elements of fraud, which give rise to the tort action for deceit, are (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 446, p. 2711.)

■■■■ Fraud based on concealment or nondisclosure, however, is not actionable unless there is a duty to disclose. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 459, p. 2724.) ■■■■ Chase's second amended complaint fails to allege *facts* upon which a duty on the part of Hartford to disclose the existence, if any, of injury aggravating conditions may be predicated. Hence, an action for comparative indemnity against Hartford as an independent tortfeasor does not lie. In the absence of facts establishing a duty, we find it unnecessary to decide whether the remaining elements of fraudulent concealment have been sufficiently pleaded.

■■■■ "In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged." (*Matteson* v. *Wagoner* (1905) 147 Cal. 739, 742 [82 P. 436].) ■■■■ While the material facts stated in a complaint are taken as true for the purpose of ruling on a demurrer, that is not true as to legal conclusions stated therein such as the existence of a duty.

When an employee secures a judgment against a third party tort-feasor, that third party is entitled to have the damages assessed against him reduced by the amount of workers' compensation benefits received by the employee. "[T]he reduction would vary depending upon the degree of negligence by the employer and the relationship between the compensation paid by the employer and the judgment entered against the third party." (*Del Monte Corp.* v. *Superior Court* (1982) 127 Cal.App.3d 1049, 1053 [179 Cal.Rptr. 855]; see also *Aceves* v. *Regal Pale Brewing Co.* (1979) 24 Cal.3d 502, 512 [156 Cal.Rptr. 41]; *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829 [150 Cal.Rptr. 888, 587 P.2d 684].)

In its second amended cross-complaint Chase alleged: "Any injury or damage suffered by Plaintiffs were both initially suffered and subsequently aggravated while acting in the course and scope of their employment for DATA CON, INC., which employer provided certain benefits in compliance with the terms and provisions of the Workers' Compensation laws of the State of California. Cross-Complainant does not know the nature and extent of the Workers' Compensation benefits that may have been provided and will seek leave to amend its Cross-Complaint when they have been ascertained." Having so alleged, Chase Chemical requested disjunctively, among other things, an "offset in an amount equal to the Workers' Compensation benefits paid to or on behalf of Plaintiffs."

Hartford concedes that Chase "may still be entitled to an 'offset' for any workers' compensation benefits paid," but argues that because Chase did not limit its cause of action to an offset of workers' compensation benefits, Chase in its second amended cross-complaint fails to state facts sufficient to constitute a cause of action against Hartford. We disagree.

The fact that Chase has requested relief to which it is not entitled to, i.e., for damages for the original injury and for negligence, does not negate the fact that Chase has stated a valid cause of action for offset of compensation benefits against Hartford. Whether it can also state sufficient facts to constitute a cause of action for comparative indemnity under the rule of *Johns-Manville* is a question which can only be decided after the filing of the next amended cross-complaint.

It follows, therefore, that the trial court abused its discretion in sustaining Hartford's demurrer to Chase Chemical's second amended cross-complaint without leave to amend.

The order of dismissal is reversed. The matter is remanded to the Superior Court with directions to allow the filing of a third amended cross-complaint,

within such time as the court shall determine to be reasonable, alleging *facts* sufficient to state causes of action in accordance with the views expressed herein.

Arguelles, J., and Title, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.