**18**

725 P.2d 725

**Jerald G. OSBORN and Jamlong Osborn, his wife, Plaintiffs/Appellants,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant/Appellee.**

**No. 2 CA–CIV 5659.**

Court of Appeals of Arizona,
Division 2, Department B.

March 14, 1986.

Review Denied Sept. 16, 1986.

Hendrickson & Fuller by Richard T. Fuller, Mesa, for plaintiffs/appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Scott E. Boehm and Lawrence H. Lieberman, Phoenix, for defendant/appellee.

BIRDSALL, Judge.

This appeal is from a judgment in favor of the appellee, Liberty Mutual Insurance Co., entered notwithstanding a jury verdict for $68,000 in favor of the appellants, Jerald G. Osborn and wife Jamlung Osborn. The jury verdict was returned on the negligence count of the appellants' complaint. The jury found that Liberty was negligent in its furnishing of medical care and treatment to the appellant, Jerald. Liberty was obligated to provide Jerald care and treatment because of an injury he sustained while driving a truck for his contract employer North American Van Lines (NAVL). The accident resulting in his injury occurred in Iowa when a strong wind literally blew his truck off the interstate highway. His injuries were compensable under Indiana workmen's compensation, and such a claim was made and approved. Liberty was the compensation carrier for NAVL. Because Jerald was an Arizona resident, his medical treatment was transferred to Arizona after his release from the Nebraska hospital where he was first treated. It is this Arizona treatment and care which he claimed was negligently provided by Liberty.

The appellant's complaint also alleged bad faith by Liberty, but the jury found against him by separate verdict. No issue of bad faith is presented in this appeal. Originally two physicians were also named as defendants in the trial court. A medical liability review panel unanimously found in their favor, however, and the trial court summarily dismissed them because Jerald was unable to produce any evidence that their services fell below any medical standard of care.

The trial court granted Liberty's motion for judgment n.o.v. because of the opinion of Division One of our court in *Sandoval v. Salt River Project*, 117 Ariz. 209, 571 P.2d 706 (App.1977). That discussion was rendered before the decision in *Quiles v. Heflin Steel Supply Co.*, 145 Ariz. 73, 699 P.2d 1304 (App.1985), which held that

rights as between worker, employer, and employer's insurance carrier, or worker and carrier, were governed by California law and not that of Arizona. In *Quiles*, compensation had been claimed and allowed in California, and the court held that the compensation scheme of that state applied. The appellee, Liberty, now urges that *Quiles* is the first and best reason to affirm the trial court in the instant case. It contends that because Indiana workmen's compensation law makes the rights and remedies granted therein to the employee exclusive, Jerald could not pursue his tort action in Arizona. We agree and affirm.

We rely first upon the following provisions of the Indiana Code:

"22–3–6–1. Definitions—In IC–22–3–2 through IC–22–3–6, unless the context otherwise requires:

(a) 'Employer' includes the state and any political subdivision, any municipal corporation within the state, any individual, firm, association or corporation or the receiver or the trustee of the same, or the legal representatives of a deceased person, using the services of another for pay. *If the employer is insured, the term includes his insurer so far as applicable.*

22–3–2–5. *Insurance by employers—carrying risk without insurance—establishment of program of self insurance—*

(a) Every employer who is bound by the compensation provisions of [the workmen's compensation act] ... shall insure the payment of compensation to his employees and their dependents in the manner hereinafter provided ... and while such insurance remains in force, he or those conducting his business and his workmen's compensation insurance carrier shall be liable to any employee and his dependents for personal injury or death by accident arising out of and in the course of employment only to the extent and in the manner herein specified. 22–3–2–6. *Rights and remedies of employee exclusive—*

The rights and remedies granted to an employee subject to [the workmen's compensation act] on account of personal injury or death by accident shall *exclude all other rights and remedies* of such employee, his personal representatives, dependents or next of kin, *common law or otherwise*, on account of such injury or death...."

We also find that Indiana Code 22–3–3–4 requires the employer to furnish medical, surgical, hospital, and nursing services necessary to treat the employee's injury. This section also provides for application to the industrial board to secure such services and for further services to limit or reduce the amount and extent of an employee's impairment. The same code section further provides that if, because of the employer's failure to so provide such necessary services, another physician treats or other such services are provided, the reasonable cost thereof shall, subject to the approval of the industrial board, be paid by the employer.

We are also persuaded by decisions of the Indiana appellate courts that Indiana law makes the industrial board the exclusive arbiter of claims like the appellant's. *McLaughlin v. American Oil Co.*, 181 Ind. App. 356, 391 N.E.2d 864 (1979), and the earlier decision of *Burkhart v. Wells Electronics*, 139 Ind.App. 658, 215 N.E.2d 879 (1966) both hold that an independent suit is barred by the Workmen's Compensation Act if the injury arose out of and in the course of employment. The appellant's injury did so arise. He accepted both compensation and medical treatment for it. His claim, and the evidence supporting it, was that Liberty refused to allow or authorize treatment by a different physician and that the physicians, care, and treatment that were provided were inadequate. As a result, the appellant claimed, and his only evidence showed, that his injuries were aggravated and prolonged. The damages thus caused were additional pain and suffering, medical expenses, and loss of wages due to inability to return to work sooner. These claims and damages all relate to his accident and all are within the jurisdiction of the Indiana Industrial Board. See also *Baker v. American States Insurance Co.*,

—— Ind.App. ——, 428 N.E.2d 1342 (1981) and *Cunningham v. Aluminum Co. of America, Inc.,* —— Ind.App. ——, 417 N.E.2d 1186 (1981). The right of an employee to maintain an action for negligence against a workmen's compensation carrier is the subject of an annotation in 93 A.L.R.2d 598 (1964). A case directly on point from another jurisdiction is *Nation v. Certain Feed Corp.,* 84 Cal.App.3rd 813, 149 Cal. Rptr. 62 (1978).

We find it unnecessary to answer other issues presented in the briefs since we find the foregoing dispositive of this appeal.[1] The trial court properly granted the motion for judgment n.o.v.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.

---

**1.** The appellee contends, for example, that if we were required to follow Arizona law, we would reach the same result, citing *Sandoval, supra.* Such an analysis would also require us to consider the majority and dissenting opinions in *Franks v. USF & G,* 149 Ariz. 291, 718 P.2d 193 (1985). Even though the claim considered there was bad faith, a theory rejected by the jury in the instant case, much of the reasoning in *Franks* is relevant, particularly that found in the dissent.