740 P.2d 958

**Walter S. BRANDLER, Liberty Mutual Insurance Company, Plaintiffs-Appellants,**

v.

**MANUEL TREVIZO HAY COMPANY, Manuel Trevizo, dba Trevizo Hay Company, upon belief a married man, Defendants-Appellees.**

No. 1 CA–CIV 8919.

Court of Appeals of Arizona, Division 1, Department C.

June 25, 1987.

Robin W. Allen, Mesa, for plaintiffs-appellants.

Gallagher & Kennedy by E. Calvin Fuchs and Chris J. Scheldrup, Phoenix, for defendants-appellees.

## OPINION

EUBANK, Judge.

Walter S. Brandler and Liberty Mutual Insurance Company, plaintiffs-appellants, appeal from a summary judgment granted appellees dismissing their complaint in negligence for personal injuries on the basis that California's statute of limitation for personal injury requires all third-party tort actions to be filed within one year after such rights accrue.

We conclude that the superior court should have applied Arizona's two-year statute of limitation, instead of California's one-year statute of limitation, to an employee's third-party claim for his work-related injuries and reverse the dismissal.

### I. BACKGROUND

On November 5, 1982, an accident occurred in Arizona: Jose Ramos drove a tractor-trailer into Walter Brandler's car, permanently disabling Brandler. Each was driving within the scope of his employment. Jose Ramos, an Arizona resident, was employed by Manuel Trevizo Hay Company, an Arizona corporation. Brandler, a California resident, was employed by MICA Corporation, a California corporation. Liberty Mutual Insurance Company, a California insurer, paid benefits to Walter Brandler as a result of the accident, pursuant to the California Worker's Compensation Act.

On June 14, 1984, 19 months after the date of the accident, Liberty Mutual Insurance Company sued Jose Ramos and Manuel Trevizo Hay Company in Arizona for the benefits it paid Brandler in California. On November 5, 1984, two years after the date of the accident, Brandler also sued Manuel Trevizo, dba Trevizo Hay Company, and Ramos (collectively, "Trevizo") in Arizona. Plaintiffs alleged that Trevizo negligently caused Brandler's injuries. These suits

were consolidated. Ramos has not been served and is not a party to this appeal.

The superior court applied California's one-year, instead of Arizona's two-year, statute of limitation and granted summary judgment for Trevizo dismissing the complaint. The court reasoned that "[i]n this particular situation the holding in Quiles [*Quiles v. Heflin Steel Supply Co.*, 145 Ariz. 73, 699 P.2d 1304 (App.1985)] dictates that the California Statute of Limitations applies and thus this suit is untimely." Brandler and Liberty Mutual appeal from the summary judgment of dismissal.

At oral argument we granted appellant's motion that Liberty Mutual be added as a party to this appeal.

## II. DISCUSSION

Brandler did not dispute in the superior court that California worker's compensation law governed other aspects of his claim, because he received benefits under California's Worker's Compensation Act.[1] The question in this appeal is whether Arizona's two-year statute of limitation or California's one-year statute of limitation governs his personal injury claim. In Arizona, the general two-year statute of limitation for personal injury, A.R.S. § 12–542(1), governs a claim based on an employee's work-related injuries. *Stephens v. Textron, Inc.*, 127 Ariz. 227, 229, 619 P.2d 736, 738 (1980). In California, the general one-year statute of limitation for personal injury, Cal.Civ.Proc. Code § 340(3), governs such a claim. *County of San Diego v. Sanfax Corp.*, 19 Cal.3d 862, 878, 568 P.2d 363, 370, 140 Cal.Rptr. 638, 645 (1977).

Two forms of analysis are used to resolve conflicts among statutes of limitation: the traditional substance/procedure analysis and the modern interest analysis. Using either analysis, we conclude that the superior court should have applied the Arizona two-year statute of limitation.

### 1. Traditional Substance/Procedure Analysis

Arizona courts have applied the traditional substance/procedure analysis, as set forth in §§ 142 and 143 of the *Restatement (Second) of Conflict of Laws* (1971), to resolve conflicts among statutes of limitation. *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 738 (9th Cir.1982); *State of Michigan v. First National Bank*, 17 Ariz. App. 45, 49, 495 P.2d 485, 489 (1972). As a general rule, the limitation is determined by the law of the forum:

> An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143.

*Restatement (Second) of Conflict of Laws* § 142(2) (1971). The exception arises when the other state's limitation bars the right, not merely the remedy:

> An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy.

*Restatement (Second) of Conflict of Laws* § 143 (1971); *see Santana, supra,* 686 F.2d at 738. As explained in comment c to § 143, "[t]he almost invariable prerequisite [to the exception] is that the liability sought to be enforced must have been created by statute." Thus, the question before this court is whether an employee's negligence claim was created by statute or existed at common law, within the meaning of comment c to § 143.

The court considered a similar question in *Hodge v. Southern Railway Co.*, 415 A.2d 543 (D.C.App.1980). Thomas Hodge, a Tennessee resident, was injured in Tennessee and collected benefits under the Tennessee Workmen's Compensation Act. However, he sued Southern Railroad Company in the District of Columbia one and one-half years after the injury, alleging that Southern Railroad Company negligently caused his injury. His suit was dis-

---

1. Brandler argues on appeal that Arizona law should apply to all aspects of his claim, because Arizona has the most significant relationship to the accident. We do not address this argument because it was not raised in the superior court.

missed, based on Tennessee's one-year statute of limitation. The court of appeals reasoned that an employee's negligence claim existed at common law, and was not created by statute:

> Since an injured workman's common law action against a third party both preceded and survived the 1919 enactment of the Tennessee Workmen's Compensation Act, it would be illogical to conclude, as appellee does, that the legislature performed the redundant act of 'creating,' or recreating, that right of action in 1949.

415 A.2d at 545. Thus, the court concluded that the three-year statute of limitation of the District of Columbia governed Mr. Hodge's claim. *See also Baron Tube Co. v. Transport Insurance Co.*, 365 F.2d 858, 860 (5th Cir.1966) (applying Georgia's, instead of Texas', statute of limitation); *State Compensation Insurance Fund v. Proctor & Schwartz*, 102 F.Supp. 451, 453–54 (E.D.Penn.1952) (applying Pennsylvania's, instead of California's, statute of limitation); *Hartford Accident & Indemnity Co. v. Procter & Gamble Co.*, 91 Ohio App. 573, 109 N.E.2d 287, 289 (1952) (applying Ohio's, instead of New York's, statute of limitation). *But see Hartford Accident & Indemnity Co. v. Eastern Air Lines, Inc.*, 155 F.Supp. 263, 264–65 (S.D.N.Y. 1957) (applying the statute of limitation of the District of Columbia, instead of New York, and reasoning that a wrongful death claim was created by statute).

We conclude that Brandler's negligence claim existed at common law and was not created by statute. Section 3852 of the California Labor Code plainly states that "[t]he claim of an employee ... for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer." Interpreting § 3852, the California Court of Appeals stated that "[t]his creates no new right of action but recognizes the continuance of a right which had been long established...." *Limited Mutual Compensation Insurance Co. v. Billings*, 74 Cal.App.2d 881, 169 P.2d 673, 675 (1946).

Trevizo asserted that "[w]ithout question, the California workers' compensation scheme created new legal rights unknown at common law, including the employer's right to sue the third-party tortfeasor," citing *Sanfax Corp.* and *Chase Chemical Co. v. Hartford Accident & Indemnity Co.*, 159 Cal.App.3d 229, 205 Cal.Rptr. 469 (1984). We question the accuracy of Trevizo's citations. The California Supreme Court stated in *Sanfax Corp.* that the employer's claim existed at common law and was not a statutory claim:

> [W]e have indicated that, in granting employers the right to sue third parties, the Legislature simply gave statutory recognition to principles of equitable subrogation. (Citations omitted). Courts in other jurisdictions have reached a similar conclusion. (Citations omitted). Apparently, even if the Legislature had not acted, an employer would have been able to recover from a third party who was responsible for the employer having to pay workers compensation. In the sense in which the County uses the term, therefore, the employer's right of action may not be 'statutory.'

19 Cal.3d at 876, 568 P.2d at 369, 140 Cal.Rptr. at 644. In *Chase Chemical Co.*, the California Court of Appeals stated that "[b]y virtue of section 3852, an industrially injured employee *retains* his right to sue 'any person other than the employer' for damages proximately resulting from the injury sustained in the course of employment." 159 Cal.App.3d at 237, 205 Cal. Rptr. at 472 (emphasis added).

### 2. Modern Interest Analysis

Legal scholars have urged the use of, and other courts have used, modern interest analysis to resolve conflicts among statutes of limitation. *E.g.*, Grossman, *Statutes of Limitations and the Conflict of Laws: Modern Analysis*, 1980 Ariz.St.L.J. 1; Leflar, *The New Conflicts-Limitations Act*, 35 Mercer L.Rev. 461 (1984); Milhollin, *Interest Analysis and Conflicts between Statutes of Limitation*, 27 Hastings L.J. 1 (1976). *Compare* R. Leflar, *American Conflicts Law*, 256 (3rd ed. 1977) ("There is no inherent reason why the choice between

statutes of limitations should be handled any differently than other choice-of-law problems") *with* Wurfel, *Statutes of Limitations in the Conflict of Laws*, 52 N.C.L. Rev. 489, 567 (1974) ("Unremarkably, the half, or more, of the states that have either expressly rejected, or have not converted to, significant relationship or policy analysis as their norm in conflicts matters have not opened this pandora's box").

Although Arizona courts have used interest analysis to resolve conflicts among general tort laws, the parties cite no Arizona decisions using interest analysis to resolve conflicts among statutes of limitation. *E.g., Bryant v. Silverman*, 146 Ariz. 41, 703 P.2d 1190 (1985); *see Santana*, 686 F.2d at 738 ("We have been cited to no recent Arizona cases indicating that our conclusion in *Strickland* [*v. Watt*, 453 F.2d 393 (9th Cir.1972)] is now incorrect"); *Monroe v. Wood*, 150 Ariz. 411, 412–13, 724 P.2d 30, 31–32 (1986) ("The traditional rule regarding statutes of limitation is that they are procedural and therefore governed by the law of the forum state.... This continues to be the rule in Arizona").

The U.S. Court of Appeals for the Third Circuit, for example, articulated five factors to be weighed in choosing among statutes of limitation:

  (1) where the cause of action arose;

  (2) amenability to suit in other states;

  (3) the substantial interest, if any, of the forum in the suit;

  (4) which state's substantive law will apply; and

  (5) whether the foreign state's statute of limitation has run.

*Allen v. Volkswagen of America, Inc.*, 555 F.2d 361, 362–63 (3d Cir.1977).

Applying the *Allen* approach, factor (4) weighs in favor of applying the Arizona statute of limitation: Arizona substantive tort law applies to this claim (although Brandler admitted in the superior court that California worker's compensation law would apply to this claim). Factor (5) weighs in favor of applying California law because the California one-year statute of limitation has run whereas the Arizona statute has not. Factor (2) weighs in favor

of applying the Arizona statute of limitation: the record reveals no contacts by Jose Ramos, Manuel Trevizo, or Trevizo Hay Company outside of Arizona. Furthermore, factor (1) weighs in favor of applying the Arizona statute of limitation: the accident occurred in Arizona.

Finally, consideration of factor (3), Arizona's interest, and the correlative factor, California's interest, in Brandler's claim, tips the balance in favor of applying the Arizona statute of limitation. The purpose of each state's statute of limitation is, in part, to promote judicial economy and to protect its residents from stale claims. *See, e.g., Brooks v. Southern Pacific Co.*, 105 Ariz. 442, 444, 466 P.2d 736, 738 (1970); *Restatement (Second) of Conflict of Laws* § 142, comment d (1971). California has no interest in the application of its own statute of limitation, because the suit was brought in an Arizona court against Arizona residents and an Arizona corporation. *See Air Products & Chemicals, Inc. v. Fairbanks, Morse, Inc.*, 58 Wis.2d 193, 206 N.W.2d 414, 419 (1973) ("A determination that Wisconsin's six-year statute controls would in no way affect any legitimate interest of Pennsylvania since their statute, like ours, is designed to protect defendants and in this case, Air Products, the Pennsylvania resident, is the plaintiff—not the defendant. Likewise, Pennsylvania is in no position to in anyway influence what Wisconsin feels to be an appropriate period of protection for both itself and defendants from stale lawsuits"). In addition, California's interest would be furthered by the application of the Arizona statute of limitation, so that a California resident and a California insurer may be compensated by the tortfeasors. Similarly, Arizona is interested in applying the Arizona two-year statute of limitation in order to deter future tortious conduct within Arizona by Arizona residents and to protect non-resident motorists. *See* Note, *An Interest-Analysis Approach to the Selection of Statutes of Limitation*, 49 N.Y.U.L.R. 299, 317–18 (1974) ("If the time bar in defendant's jurisdiction is longer than that in the controlling jurisdiction, then the time bar in the defendant's juris-

diction should be applied both in that jurisdiction and in any third-state jurisdiction whose time bar is equal to or longer than the time bar in defendant's jurisdiction.... First, there is no reason to afford the defendant greater protection than the law of his own state is willing to supply. Second, defendant should not receive greater protection because he had the 'good fortune' to injure a plaintiff [or to have plaintiff collect worker's compensation] in a state with a short statute"). In other words, the conflict between the Arizona and California statutes of limitation is a "false conflict," because, by applying the Arizona statute of limitation, we can further both Arizona's and California's interests. *See* Milhollin, *supra*, at p. 19.

### 3. The Decision in Quiles

The trial court applied California's one-year statute of limitation based on our decision in *Quiles v. Heflin Steel Supply Co.*, 145 Ariz. 73, 699 P.2d 1304 (App.1985). Quiles was a California resident who was injured in Arizona and collected compensation under the California Worker's Compensation Act. Commercial Insurance Company of Newark, New Jersey (Commercial) was Quiles' employer's insurer. Commercial sued Heflin Steel Supply Co. (Heflin) less than one year after the date of Quiles' injury.

One of the questions in *Quiles* was whether Commercial was the proper plaintiff. A.R.S. § 23–1023(B) limits who may bring a third-party action: it provides that an employee may bring an action within the first year after the injury and, absent reassignment, the insurer may bring the action within the second year. Section 3852 of the California Labor Code has no limits: it provides that the employee and the employer, which includes the insurer, may bring the third-party action. *See* Cal.Labor Code § 3850(b).

This court in *Quiles* applied § 3852, instead of A.R.S. § 23–1023, and held that the insurer was a proper party to bring the suit. This court cited the holding by the California Supreme Court in *Sanfax Corp.*, 19 Cal.3d at 874, 568 P.2d at 368, 140

Cal.Rptr. at 643: "[s]ubstantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." Thus, this court concluded that the insurer's right under Cal. Labor Code § 3852 was substantive, not merely procedural. 145 Ariz. at 78, 699 P.2d at 1309.

We distinguish the decision in *Quiles* from this opinion. In *Quiles*, the trial court held that Quiles' complaint was barred by A.R.S. § 12–542, the Arizona two-year statute of limitation for personal injury. Our court reversed, holding that Commercial's complaint, which was timely filed under both California and Arizona statutes of limitation, was governed by California substantive law (Cal. Labor Code § 3852) and not Arizona law (A.R.S. § 23–1023). Thus, the question raised *sub judice*, whether Arizona's two-year statute of limitation or California's one-year statute of limitation applies, was not addressed in *Quiles*.

In addition, our holding furthers, and does not frustrate, California's interests, to which the court alluded in *Quiles*. The court in *Quiles* cited 4 A. Larson, *Workmen's Compensation Law* § 88.23 (1983) in support of the rule that the law of the state of compensation governs assignment rights in third-party actions. 145 Ariz. at 77, 699 P.2d at 1308. As explained by Professor Larson, this rule prevents double recovery from the third party: "If he can be sued by the employee in spite of the statutory assignment of the cause of action to the insurer, he might also find himself sued again by the assignee-insurer." *Id.* at 16–162—16–163. As discussed in *Sanfax Corp.*, the decision upon which *Quiles* primarily relies, California's interests, as expressed in its Worker's Compensation Act, are to ensure that the employee and insurer are compensated and that the third party need defend only one lawsuit: "They seek to insure, first, that, regardless of whether it is the employee or the employer who sues the third party, both the employee and the employer recover their due, and second, that, as far as possible, the third party need defend only one lawsuit." 19

Cal.3d at 872, 568 P.2d at 366–67, 140 Cal. Rptr. at 647. By permitting Brandler to sue Trevizo within two years, we further California's interest in compensation and do not promote double recovery or litigation.

Trevizo also argues that the decision in *Osborn v. Liberty Mutual Insurance Co.*, 151 Ariz. 18, 725 P.2d 725 (App.1986) supports the application of California's statute of limitation. Jerald Osborn was paid compensation under the Indiana Worker's Compensation Act. He sued Liberty Mutual Insurance Company, his employer's insurer, claiming that it acted in bad faith. The court in *Osborn* applied the Indiana exclusive remedy statute in holding that Jerald Osborn could not bring an action in Arizona against his employer's insurer, Libery Mutual Insurance Company. 151 Ariz. at 19, 725 P.2d at 727.

The decision in *Osborn* is distinguishable. Brandler conceded the application of California worker's compensation law, which presumably would include California's exclusive-remedy provisions.

### III. CONCLUSION

We hold that the trial court should have applied the Arizona two-year, instead of the California one-year, statute of limitation. We reverse the judgment entered against Brandler and Liberty Mutual and remand this matter for further proceedings consistent with this opinion.

CORCORAN, J., and DONALD R. KUNZ, J. Pro Tem., concur.

NOTE: The Honorable DONALD R. KUNZ, a judge pro tempore of a court of record has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 31; A.R.S. 12–145; 12–146; 12–147.