IN THE SUPREME COURT OF THE STATE OF ARIZONA
En Banc

| | | |
|---|---|---|
| ROBERT JACKSON, JR., an unmarried man, | ) | Arizona Supreme Court |
| | ) | No. CV-02-0060-PR |
| Plaintiff-Appellant, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CV 00-0532 |
| DONALD FRANK CHANDLER and JANE DOE | ) | |
| CHANDLER, husband and wife; PURITA Z. | ) | La Paz County |
| SICAT and JOHN DOE SICAT, wife and husband, | ) | Superior Court |
| | ) | No. CV 99-000102 |
| Defendants-Appellees. | ) | |
| _____ | ) | **O P I N I O N** |

Appeal from the Superior Court in La Paz County
The Honorable Michael Irwin, Michael J. Burke, Judges
REVERSED AND REMANDED

Memorandum Decision of the Court of Appeals,
Division One, filed December 11, 2001
VACATED

Churchill & Frame                                                    Parker
        By:    John C. Churchill
        - and -
Toby Zimbalist                                                       Phoenix
Attorneys for Plaintiff-Appellant

Law Offices of Denise L. Siegenthaler & Associates                   Phoenix
        By:    Jan-Georg Roesch
Attorneys for Defendants-Appellees Chandler

Boyle Pecharich Cline & Whittington                                  Prescott
        By:    Robert C. Kozak
               Anna C. Young
Attorneys for Defendants-Appellees Sicat

FELDMAN, Justice

¶ 1        The automobile accident from which this case arose occurred in Arizona, but everyone involved was a California resident.  The tort action that followed was filed in Arizona; it is timely if the Arizona statute of limitations applies but barred if California's applies.  We granted review to examine choice-of-law principles and determine whether the Arizona or California statute of limitations governs.  Rule 23(c)(3), Ariz.R.Civ.App.P.  We have jurisdiction under Article VI, § 37 of the Arizona Constitution.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2        In August 1997, Robert Jackson left his home in Long Beach, California, and headed east on Interstate 10 to Louisiana, where he had a new job and intended to make his home.  He had his possessions with him because had no intent to return to California.  In La Paz County, some miles east of the Arizona-California border, a dust storm struck, markedly reducing visibility.  Jackson pulled into the highway's emergency lane and parked.  Two California residents, Donald Frank Chandler and Purita Z. Sicat (collectively Defendants), were driving their separate vehicles on Interstate 10.  Because of the poor  visibility, they collided with each other and then crashed into Jackson's vehicle, demolishing it.

¶ 3        Jackson suffered serious spinal injuries for which he was treated in an Arizona hospital.  On his release from the hospital, he returned to Long Beach and resumed residency there because the delay had cost him the job that was waiting for him in Louisiana.  Jackson retained Arizona counsel, who negotiated with Defendants' insurance carriers in an attempt to reach a settlement.  None was reached, and in August 1999 Jackson filed a tort action in La Paz County Superior Court.  The action was timely under Arizona's two-year statute of limitations, A.R.S. § 12-542.  It was untimely, however, under California's one-year statute, Cal. Code Civ. Proc. § 583.210.

¶ 4        Defendants moved for summary judgment, claiming the action was barred because California's statute of limitations was the proper choice of law.  Jackson argued, to the contrary, both

2

that the Arizona statute was to be applied and that the course of negotiations estopped Defendants from raising the California statute. The trial judge granted summary judgment to Defendants, holding that the California statute barred the action. The court of appeals affirmed, concluding that Arizona "has no particular interest" in providing a forum for recovery to a California resident for harm sustained in Arizona and that while Arizona "does have an interest in assuring that victims of accidents on Arizona highways are compensated," its "interest does not supercede California's interests in protecting defendants from stale claims and in assuring recovery for its own residents." *Jackson v. Chandler*, No. 1 CA-CV 00-0532, mem. dec. at ¶ 14 and n.9 (filed Dec. 11, 2001). Believing the court of appeals has misapplied the controlling law because Arizona does have a substantial interest in the litigation even if it does not supersede California's, we vacate the court of appeals' memorandum decision and reverse the trial court's judgment. We address only the choice of law issue.

## DISCUSSION

### A. The RESTATEMENT

¶ 5    We have previously discussed various approaches to determining which statute of limitations should apply. *See DeLoach v. Alfred*, 192 Ariz. 28, 29 ¶ 4, 960 P.2d 628, 629 ¶ 4 (1998). In *DeLoach*, we applied the construct adopted by the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (hereinafter RESTATEMENT), as revised by the 1988 amendments. *Id.* at 29-31 ¶¶ 4-9, 960 P.2d at 629-31 ¶¶ 4-9. We see no reason to depart from the RESTATEMENT analysis, nor do the parties suggest that we should.

¶ 6    The RESTATEMENT's conflict rules are based on an interests analysis. The RESTATEMENT sets forth the factors "relevant to the choice of the applicable rule of law where the law" of different states may be applied. RESTATEMENT § 6(2) (1971). But the RESTATEMENT contains specific provisions applying section 6 choice-of-law principles to statute of limitations questions. The 1971 version prohibited maintenance of a cause of action "if it is barred by the statute of limitations of the forum" but required that the action "will be maintained if it is not barred by the statute of limitations of the forum, even

3

though it would be barred by the statute of limitations of another state." *Id.* § 142(1) and (2). This mechanistic and procedural approach was amended in 1988. The revised section, which we applied in *DeLoach*, reads:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. *In general*, unless the exceptional circumstances of the case make such a result unreasonable:
>
> > (1)    The forum will apply its own statute of limitations barring the claim.
> >
> > (2)    The forum will apply its own statute of limitations permitting the claim *unless*:
> >
> > > (a)    maintenance of the claim would serve no substantial interest of the forum; *and*
> > >
> > > (b)    the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties *and* the occurrence.

RESTATEMENT § 142 (1988) (emphasis added).[1]

¶ 7        In *DeLoach* we dealt with an accident in Tennessee in which one defendant was an Arizona resident and the other defendant and the plaintiff were not. We followed section 142, applying the statute of the forum — Arizona's two-year statute of limitations — to the Arizona action against the Arizona defendant. 192 Ariz. at 33 ¶ 19, 960 P.2d at 633 ¶ 19. We concluded "that the basic policies underlying tort law — to deter wrongful conduct and compensate victims" were best satisfied in this manner. *Id*.

¶ 8        Thus, as we said in *DeLoach*, under the revised section 142, the general rule "is very

---

[1] The change from the previous rule is subtle but real. Before the 1988 amendment, the statute of limitations was considered a procedural rule so that the law of the forum was applied almost as a matter of course. *DeLoach*, 192 Ariz. at 29 ¶ 4, 960 P.2d at 629 ¶ 4; RESTATEMENT § 142 cmt. e (1988). For criticism of the pre-1988 rule, see Margaret R. Grossman, *Statute of Limitations and the Conflict of Laws: Modern Analysis*, 1980 ARIZ.ST. L.J. 1. Such a rule, of course, ignores the very real fact that the statute of limitations is outcome determinative and also encourages forum shopping. RESTATEMENT § 142 cmt. g (1988). We do not consider cases such as this to be cases of forum shopping. Jackson has obviously chosen the state with the longer statute of limitations, but this is the state where the alleged negligent conduct occurred, where the accident occurred, and where the injury was inflicted. *Id*.; *cf. Keeton v. Hustler Magazine, Inc.*, 549 A.2d 1187 (N.H. 1988).

clear: as a starting point, the forum's statute of limitations applies." *Id.* at 30 ¶ 7, 960 P.2d at 630 ¶ 7. If a claim is barred in the forum it is rejected, but if it is not barred by the forum's limitations period, it is rejected only when the state has no substantial interest *and* the action is barred in another state with a closer relationship to the claim.[2] RESTATEMENT § 142 (1988).

**¶ 9**        The statute of limitation on this cause of action has run in California but not in Arizona. Thus, the issue before us is whether Arizona has a substantial interest in the action that would be served by maintaining the claim here.  If there is no such substantial interest and if California had a more significant relationship to the parties *and* the accident, we would apply the California statute of limitations, which would bar the action in both states.[3]

**B.        The emerging trend and the new RESTATEMENT**

**¶ 10**        We noted in *DeLoach* that the 1988 revisions to the RESTATEMENT were implemented "to employ a type of interest analysis approach recognized by the drafters as the 'emerging trend' among courts."  *DeLoach*, 192 Ariz. at 29 ¶ 4, 960 P.2d at 629 ¶ 4.  There was a recognition that in recent cases "the courts select the state whose law will be applied to the issue of limitations by a process essentially similar to that used in the case of other issues of choice of law."  RESTATEMENT § 142 cmt. e (1988).  Thus, the new section 142 contained the two-step analysis we utilized in *DeLoach* and will employ here.

**¶ 11**        Before that analysis, however, it is instructive to look at two pre-revision cases that may well have been among the emerging trend discussed by the drafters of the RESTATEMENT.  They are particularly relevant because both deal with Arizona automobile accidents and the interests served by the Arizona and California statutes of limitations.

---

    [2] *But see* RESTATEMENT § 142 cmt. f (1988).

    [3] We note that although California has the most significant relationship to the parties, it may have a less significant relationship to the occurrence because the wrongful conduct, the accident, and the injury all occurred in Arizona.

### 1.    *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482 (9th Cir. 1987)

¶ 12    This diversity action began when a van occupied by California residents was struck on an Arizona highway by a truck owned by an Oklahoma company and operated by an Arkansas driver. The district court dismissed, based on California's limitations period, and the Ninth Circuit reversed, saying, "California has adopted a 'governmental interest' approach to resolve choice-of-law problems." *Ledesma*, 816 F.2d at 484. In analyzing the interests of California and Arizona, the court reached several conclusions. California's interest in protecting its courts from stale claims is "at least equally balanced by its interest in allowing its residents to recover for injuries sustained in a state that would recognize their claim as timely." *Id.* at 485. Further, because the Arizona legislature has set a two-year limitations period, "Arizona's interest would be significantly impaired by a failure to apply its statute of limitations." *Id.* at 486. Quoting the Supreme Court of California, the Ninth Circuit held that "one of the primary purposes of a state in creating a cause of action . . . is to deter the kind of conduct within its borders which wrongfully [causes injury]." *Id.* (quoting *Hurtado v. Superior Court*, 522 P.2d 666, 672 (Cal. 1974)).

¶ 13    Before finally concluding that the Arizona statute of limitations should apply, the Ninth Circuit said, "Insofar as drivers tend to be more careful when their chances of incurring liability are more substantial, Arizona does have an interest in ensuring that its statute of limitations is applied *in any case that arises from accidents occurring within its state borders*." *Id.* (emphasis added). Further, the court noted that "Arizona's legitimate government policy would be impaired by a failure to allow the cause of action that it has established for personal injury claims." *Id.* While in *Ledesma*, unlike the instant case, there were no California defendants, the court's holdings on deterrence of in-state conduct obtain no matter where the defendants reside.

### 2.    *Brandler v. Manuel Trevizo Hay Co.*, 154 Ariz. 96, 740 P.2d 958 (App. 1987)

¶ 14    An Arizona resident driving in Arizona on business for his Arizona employer drove his tractor-trailer into a car driven on business by a California resident. The California driver brought

a negligence action in Arizona, and his workers' compensation carrier brought an action to recover the payments made to him. After the actions were consolidated, the superior court granted the defendant's motion to dismiss based on California's one-year statute of limitations. In reversing, our court of appeals applied a five-factor test on statute of limitations analysis:

1. Where the cause of action arose;
2. Amenability to suit in other states;
3. The substantial interest, if any, of the forum in the suit;
4. Which state's substantive law will apply; and
5. Whether the foreign state's statute of limitations has run.

*Brandler*, 154 Ariz. at 99, 740 P.2d at 761 (citing *Allen v. Volkswagen of America, Inc.*, 555 F.2d 361, 362-63 (3d Cir. 1977). In conducting this analysis, the court applied a modified interest analysis rather than the mechanistic approach of the 1971 version of section 142 and found that only on the last factor did California's interest prevail over Arizona's interest in the same matter.[4]

¶ 15        Both *Ledesma* and *Brandler* dealt with automobile accidents in Arizona involving California plaintiffs, and in both cases, one federal and one state, the decision was that Arizona's statute of limitations should apply. Even though application of Arizona's statute was found in both cases, it is the pre-1988 analysis that presaged the change in the RESTATEMENT that is most interesting: careful identification of each state's interest was followed by a weighing of those interests. That, indeed, is the policy still followed in California on substantive issues. Even under a governmental interest analysis, it is likely that California would apply Arizona's statute of limitations in this case. *Hurtado*, 522 P.2d at 670. The California Supreme Court recently relied on *Hurtado*, among other cases, when it restated the policy of using a governmental interest analysis in resolving conflicts of laws. *Washington Mut. Bank v. Superior Court*, 15 P.3d 1071, 1080-81 (2001).

¶ 16        However, as noted in *DeLoach*, Arizona has followed the RESTATEMENT tests, including the specific statute of limitations rule of the 1988 version of section 142, which states the general rule

---

[4] If we were to apply an interest analysis under RESTATEMENT § 6, factors 1, 4, and 5 would seem to favor Arizona. So, too, would the principle in factor 3 that the statute of limitations is not a favored defense. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995).

that the claim will be entertained if our statute of limitations has not run. We turn then to consider whether the government interest analysis exception to that rule applies.

## C.      Arizona's substantial interest

¶ 17      We first look to see if Arizona has any substantial interest in maintenance of the claim. RESTATEMENT § 142(2)(a) (1988). This accident occurred in Arizona, the injury occurred in Arizona, and the allegedly negligent or wrongful conduct that produced the accident and injury occurred in Arizona. Arizona has a significant interest in regulating conduct within the state and particularly in deterring wrongful conduct.. *See DeLoach*, 192 Ariz. at 33 ¶ 19, 960 P.2d at 633 ¶ 19; *Landi v. Arkules*, 172 Ariz. 126, 131, 835 P.2d 458, 463 (App 1992) ("Arizona has a basic public policy interest in regulating conduct within its borders."); *Brandler*, 154 Ariz. at 99, 740 P.2d at 961 (Arizona has substantial interest in deterring "future tortious conduct"); *see also Ledesma*, 816 F.2d at 486; *Hurtado*, 522 P.2d at 672.

¶ 18      Thus, we believe Arizona has a substantial interest in permitting the present action in this forum even though no party is a domiciliary of Arizona. *DeLoach* noted the important "basic policies underlying tort law — to deter wrongful conduct and compensate victims for their loss . . . ." *DeLoach* , 192 Ariz. at 33 ¶ 19, 960 P.2d at 633 ¶ 19. Defendants point out that we have stated that the state of injury "does *not* have a strong interest" in compensating injured non-residents. *Bryant v. Silverman,* 146 Ariz. 41, 45, 703 P.2d 1190, 1194 (1985) (emphasis added).

¶ 19      But the issue in *Bryant* was whether to apply Arizona's substantive law of compensatory and punitive damages in an Arizona wrongful death action brought by an Arizona plaintiff against an Arizona corporation arising from an accident in Colorado. In *Bryant* we noted that Colorado, the state of injury, has "less interest" and "less ability" to control conduct than does the state of residence. *Id*. However, we held Arizona's substantive law of damages applied, even though the accident occurred in Colorado. But the fact that the airplane accident occurred in Colorado was fortuitous; Arizona, the state in which the misconduct occurred, had a greater interest or opportunity in deterrence. *Id*. *Bryant* therefore does not control or affect the choice of law rules for statutes of limitations set forth

8

in RESTATEMENT § 142 and articulated in *DeLoach*. Finally, in the present case, Arizona is both the state of injury and the state of misconduct. *Bryant* certainly does not support the theory that Arizona has *no* substantial interest in regulating or deterring conduct within its borders. *See* RESTATEMENT § 142 cmt. g (1988).

**¶ 20** Thus, we cannot say there is no substantial local interest that would be served by entertaining the claim in Arizona. On the contrary, our interests in regulating conduct within the state, deterring wrongful conduct in the state, and providing a forum to adjudicate claims arising from such conduct not only exist, they are much more than slight. In toto, Arizona has substantial interests that would be served by entertaining the claim, thus satisfying the test of RESTATEMENT § 142(2)(a) (1988). *See DeLoach*, 192 Ariz. at 33 ¶ 19, 960 P.2d at 633 ¶ 19.

## CONCLUSION

**¶ 21** Arizona has a substantial interest in applying its statute of limitations to torts arising from conduct that occurs in the state and produces injury in the state. Accordingly, the general rule by which the forum applies its own statute of limitations applies. Thus, the court of appeals' decision is vacated, the judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
STANLEY G. FELDMAN, Justice

CONCURRING:

_____
CHARLES E. JONES, Chief Justice

_____
RUTH V. McGREGOR, Vice Chief Justice

_____
J. RICHARD GAMA, Judge


_____
BETHANY G. HICKS, Judge


       Justices Rebecca White Berch and Michael D. Ryan recused themselves and did not participate in the determination of this matter; pursuant to article VI, § 3 of the Arizona Constitution, Judges J. Richard Gama and Bethany G. Hicks of the Superior Court in Maricopa County were designated to sit in their stead.