MEMORANDUM **
Western Group Nurseries (‘Western Group”), the debtor, appeals the district court’s grant of summary judgment dismissing its adversary actions seeking to recover from certain limited partners the amounts allegedly owed on a Limited Partnership Note. The district court dismissed on statute of limitations grounds. Western Group contends the court erred in applying New York rather than Arizona law.
The original partnership tax shelter was organized in Arizona in the early 1980s and purchased by World Nurseries. It simultaneously sold the operation to the Limited Partnership in return for a Limited Partnership Note. The Limited Partnership Note (the “Note”) set forth the maximum liability of each of the limited partners for the Limited Partnership’s purchase obligation. The Note contained no choice of law provision but effectively incorporated the provisions of the Limited Partnership Security Agreement that World Nurseries and the Limited Partnership executed at the same time as the Note. The Security Agreement contained a choice of law provision selecting New York law as the applicable law.
The agreement establishing the Limited Partnership, the Limited Partnership Agreement, contained an Arizona choice of law provision, but the Limited Partnership Agreement did not impose the relevant obligations Western Group seeks to enforce in this dispute. The Note and Security Agreement did.
When World Nurseries and the Limited Partnership defaulted on their obligations to the original sellers in January 1986, there was a foreclosure on collateral and the sellers created Western Group Nurseries, which purchased the Limited Partnership Note. Western Group Nurseries, the plaintiff-appellant, now pursues this action, which is essentially a deficiency action against the limited partners to recover on the Limited Partnership Note.
The problem is that New York’s statute of limitations is six years, N.Y. C.P.L.R. 213, and Western Group sent notice accelerating the Limited. Partnership’s obligations in February 1986. The adversary *708 proceedings that give rise to this appeal were filed more than six years later, in February 1994. In order to prevent the statute of limitations from barring its claims, the plaintiff maintains that the Arizona statute of limitations, which contains tolling provisions not applicable under New York law, applies. See Ariz.Rev.Stat. § 12-501.
In a thorough and accurate ruling, the District Court traced the history of all the transactions, defaults, and relevant notifications. It held that the New York statute of limitations applies, because the Limited Partnership Note and Security Agreement, containing or incorporating New York choice of law provisions, are the relevant contractual documents, and thus control under the analysis required by the Restatement (Second) of Conflict of Laws. We cannot improve on the District Court’s discussion. This court has recognized that federal choice of law rules follow the modern version of the Restatement. See Lindsay v. Beneficial Reinsurance Co. (In re Lindsay), 59 F.3d 942, 948 (9th Cir. 1995); In re Holiday Airlines Corp., 620 F.2d 731, 733-34 (9th Cir.1980). The district court properly applied New York’s statute of limitation. See Restatement (Second) of Conflict of Laws §§ 142, 187.
Appellant’s maintain that Arizona state courts in the 1980s followed a different rule, and that the Arizona statute of limitations should apply as the procedural law of the forum state. This argument is unavailing. Even if the Arizona conflict of laws were to apply, Arizona also follows the modern version of Restatement § 142 that eliminates the substantive/procedural distinction of the earlier Restatement. See DeLoach v. Alfred, 192 Ariz. 28, 960 P.2d 628, 629-31 (1998); see also Jackson v. Chandler, 204 Ariz. 135, 61 P.3d 17 (2003).
The secondary issue in this appeal is whether, if the six-year limitation New York period applies, plaintiff may have revoked the acceleration by dismissing some claims it filed in state court after the acceleration. A revocation, however, requires an affirmative act giving notice of a clear intent to revoke. Fed. Mortgage Ass’n. v. Mebane, 208 A.D.2d 892, 894, 618 N.Y.S.2d 88 (N.Y.App.Div.1994). There was none here.
With respect to any remaining issues, we adopt the comprehensive analysis of the district court.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.