104 N.J. Super. 102 (1968)
248 A.2d 697
RED STAR EXPRESS LINES, A CORPORATION, PLAINTIFF-RESPONDENT,
v.
NATALE J. DeSTEFANO, DEFENDANT-APPELLANT, UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1968.
Decided December 24, 1968.
*104 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Frank P. Addas argued the cause for appellant (James & Addas, attorneys).
Mr. Alan Kraut argued the cause for respondent.
The opinion of the court was delivered by CARTON, J.A.D.
Plaintiff Red Star Express Lines is a New York corporation authorized to transact business in New Jersey. It owns and maintains a large truck terminal in North Bergen from which it operates a considerable number of tractor-trailers and other automotive equipment. Certain of its vehicles are registered in this State while an undisclosed number are registered in New York.
In July 1966 one of Red Star's tractor-trailers, which was registered in New York, was damaged when it collided with *105 a vehicle driven by defendant DeStefano, who was uninsured. Red Star recovered a judgment in the amount of $1,184 against DeStefano for property damage. On application of Red Star, an order was entered directing the State Treasurer to pay the amount of the judgment out of the Unsatisfied Claim and Judgment Fund. The Fund appeals.
The narrow question presented is whether plaintiff is a "qualified person" under N.J.S.A. 39:6-62 so as to be entitled to payment from the Fund. That section defines "qualified person" to mean:
"* * * a resident of this State or the owner of a motor vehicle registered in this State or a resident of another State, territory, or Federal district of the United States or Province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act."
The section also defines the term "person" as specifically including "corporations."
New York's motor vehicle accident indemnification law does not provide a remedy for claims by nonresidents for property damage. N.Y. Ins. Law, § 600 (McKinney's Consol. Laws, c. 28, 1966). Consequently, since the tractor-trailer was registered in New York, and since New York does not afford recourse of substantially similar character to residents of this State, plaintiff is not a qualified person under the reciprocity clause of the statute.
Hence, our primary inquiry is directed toward a consideration of whether plaintiff, as a New York corporation, was, on the date of the accident, a "resident of this State" within the meaning of the statute.
Our courts have enunciated the general principle that the Unsatisfied Judgment Fund Act is to receive a liberal interpretation, with due regard to fulfillment of the essential legislative design, while protecting the Fund against possible fraud and abuse. Corrigan v. Gassert, 27 N.J. 227, 237 (1958); Douglas v. Harris, 35 N.J. 270, 279 (1961). *106 The Supreme Court in Douglas described the purpose of the statute and emphasized the prudent manner in which it must be administered:
"The Fund is created for those purposes by charging fees to registrants of uninsured motor vehicles and by levying assessments against liability insurance companies doing business in New Jersey and is regarded as a trust fund for the stated purposes and the cost of administration. Wormack v. Howard, 33 N.J. 139, 143 (1960). The public interest demands that the Fund, although a trust fund for those individuals injured by financially irresponsible or unidentified operators of motor vehicles, be administered in a fashion to assure that only those persons legitimately entitled to participate in its benefits are paid therefrom. This is a duty imposed by public policy and owed to the contributors as well as the general public. * * *" (at p. 279)
The cases which have considered the meaning of the term "resident," as used in this statute, do not cover the precise situation before us. Each of them involved a determination of whether an individual had established a residence in New Jersey. Giacobbe v. Gassert, 51 N.J. Super. 111 (App. Div. 1958) (proof held adequate to show plaintiff had established a permanent home in this State prior to the accident); Collins v. Yancey, 55 N.J. Super. 514 (Law Div. 1959) (itinerant cook, working and living here some six months before he was injured, held qualified as a resident); Continos v. Parsekian, 68 N.J. Super. 54 (App. Div. 1961) (Greek citizen in this country under a student visa since 1956, living in rented room in Newark for two weeks before accident in 1958 while working in New York, held a mere sojourner and not a resident); Williamson, Adm'x v. Potter, 80 N.J. Super. 517 (Law Div. 1963) (member of regular Army on three-year tour of duty, residing here five months prior to fatal accident, held a resident).
However, Sullivan v. Saylor, 79 N.J. Super. 1 (App. Div. 1963), is relevant to the issue confronting us. The court there held that the motorist involved was not a resident of New Jersey within the meaning of the statute since he *107 had regarded his Pennsylvania home as his place of permanent abode and merely had a summer residence here. Judge Conford commented:
"The very language of the statutory definition suggests to us that the Legislature contemplated that, generally speaking, a prospective claimant would be either a `resident' of this State, or a `resident' of another, not of two states simultaneously." (at p. 6)
Sullivan involved an individual claimant. But the context in which the term "resident" is used in the statute makes what was said in Sullivan equally applicable to a corporate claimant. The reason for this is that the general tendency and policy of legislatures and courts is to treat corporations, as far as their inherent nature will permit, on the same footing as individuals. See 17 Fletcher, Cyclopedia of Private Corporations, § 8300 (rev. ed. 1960). That policy is implicit in the statutory definition of "person" as including corporation.
The general rule is that statutes granting powers, privileges and immunities to corporations without any qualifying words will be construed as meaning domestic corporations in the absence of a plain indication to the contrary. See 17 Fletcher, op. cit, § 8301. Indeed, in some states that policy has been incorporated as a statutory rule of construction.
This general rule was adopted in State v. Garford Trucking, Inc., 4 N.J. 346 (1950), where the court considered the registration provision of the Motor Vehicle Law, N.J.S.A. 39:3-15:
"* * * A corporation created and existing under the laws of New Jersey may have a `commercial domicile' or `business situs' elsewhere for taxation and other purposes; but it is nonetheless domiciled and resident in the state of its creation, for a corporation is domiciled in the state or sovereignty under which it has its being, and there also it has the residence which is inseparable from domicile. A corporation lives and dwells in the jurisdiction whence it derives its existence, although it engages in business elsewhere under local *108 authority. A corporate entity `must dwell in the place of its creation, and cannot migrate to another sovereignty.' * * *" (at p. 351; emphasis supplied)
Nothing in the language of the Unsatisfied Claim and Judgment Fund Act leads us to the conclusion that the Legislature, in extending the benefits of that act to include resident corporations as qualified persons, evinced an intention of using the term "resident" in other than its usual sense, or intended to extend those benefits to foreign corporations whose vehicles are registered elsewhere. The very fact that the foreign corporation, by not registering such vehicles here, has thereby alleviated its burden of contributing to the Fund, points to the contrary.
Pertinent to this conclusion is the requirement of N.J.S.A. 39:3-4  that "every resident of this State and every nonresident whose automobile or motorcycle shall be driven in this State shall before using such vehicles on the public highways, register the same, and no automobile or motorcycle shall be driven unless so registered." Violation of this section of the Motor Vehicle Act permits imposition of a maximum fine of $100. If plaintiff intended that it be considered a New Jersey resident, should not all its vehicles have been registered in this State in order to receive the benefit of the Fund statute?
Nor are we persuaded that the character and extent of plaintiff's activities in this State are such as to require a different conclusion. True, plaintiff has for some time paid, and is presently paying, its share of the operating costs of state and local government, and has indirectly contributed to the Fund through insurance premiums it pays upon its New Jersey-registered vehicles. N.J.S.A. 39:6-63. There is, of course, no such contribution out of insurance premiums paid on New York-registered vehicles. The fact is that it chose the protection of New York incorporation and not that of New Jersey. Moreover, it chose to register the tractor-trailer unit in question there rather than in this State.
*109 Plaintiff's alternative contention, that it is a qualified person by reason of the fact that it is "the owner of a motor vehicle registered in this State" (the reference is to those pieces of equipment it registered here) likewise lacks merit. The purpose of that provision is to confer the benefit of the statute only with respect to the vehicle so registered, and not to any other vehicle which may be registered elsewhere.
Reversed.