Sheryl Lynne ALLEN and Edwin Allen, Appellants,

v.

VOLKSWAGEN OF AMERICA, INC., a corporation and Volkswagenwerk Aktiengesellchaft, a foreign corporation, Appellees.

No. 76–1993.

United States Court of Appeals, Third Circuit.

Argued April 1, 1977.

Decided May 10, 1977.

Robert L. Podvey, Podvey & Sachs, Franklin M. Sachs, Henry J. Catenacci, Newark, N.J., for appellants.

John T. Dolan, Crummy, Del Deo, Dolan & Purcell, Newark, N.J., Herzfeld & Rubin, New York City, for appellees.

Before SEITZ, Chief Judge, and ALDISERT and HUNTER, Circuit Judges.

PER CURIAM:

This appeal presents the question whether the court below, sitting in diversity, erred in "borrowing" the statute of limitations of California—the state where the cause of action arose—rather than applying the statute of limitations of New Jersey—the forum state. The district court improperly applied the governing state rules in reaching its decision to borrow the California statute. Nevertheless, we are convinced that the California statute should control. Therefore, we affirm.

I.

Sheryl Lynne Allen, a resident of California was injured in an automobile accident on September 20, 1973. On September 19, 1975, she and her husband filed a complaint in the District of New Jersey against the manufacturer and the importer of the automobile she had been driving—Volkswagen-

werk Aktiengesellschaft, a West German corporation, and Volkswagen of America, Inc., a New Jersey corporation. Jurisdiction was founded on diversity. The complaint sought damages against both defendants for negligent design, manufacture, and sale of the vehicle in question, breach of express and implied warranties, and strict liability.

Defendants moved for summary judgment, contending that California's one-year statute of limitations, Cal.Code.Civ.Proc. § 340, applied and necessitated dismissal. Plaintiffs opposed the motion, arguing that New Jersey's two-year statute of limitations, N.J.Stat.Ann. 2A:14–2, applied. Both sides submitted briefs, and defendants submitted two affidavits of the "Products Liaison Manager" of Volkswagen of America. Despite requests by both sides for oral argument, the court decided on the basis of the papers submitted that California's one-year statute of limitations applied. It dismissed the complaint with prejudice and entered judgment on May 26, 1976. This appeal followed.

## II.

In diversity cases, "the federal courts must follow conflict of law rules prevailing in the states in which they sit." *Klaxon Co. v. Stentor Co.,* 313 U.S. 487, 494, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Confronted by a conflict between two competing statutes of limitations, the district court in this case properly turned to the New Jersey case governing the subject, *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 305 A.2d 412 (1970).

In *Heavner,* the Supreme Court of New Jersey reconsidered the common law rule that the statute of limitations of the forum state is always to be applied: [1]

We are convinced the time has come, for the reasons previously outlined, to discard the mechanical rule that the limitations law of this state must be employed in every suit on a foreign cause of action. We need go no further now than to say that when the cause of action arises in another state the parties are all present in and amenable to the jurisdiction of that state, New Jersey has no substantial interest in the matter, the substantive law of the foreign state is to be applied, and its limitation period has expired at the time suit is commenced here, New Jersey will hold the suit barred. In essence, we will "borrow" the limitations law of the foreign state. We presently restrict our conclusion to the factual pattern identical with or akin to that in the case before us, for there may well be situations involving significant interests of this state where it would be inequitable or unjust to apply the concept we here espouse.

This court has interpreted *Heavner* as adopting the "governmental interest approach" to resolving conflicts of law as to statutes of limitation. *Henry v. Richardson-Merrell, Inc.,* 508 F.2d 28, 32 (3d Cir. 1973). That approach involves two steps: "The court determines first the governmental policies evidenced by the laws of each related jurisdiction and second the factual contacts between the parties and each related jurisdiction." *Id.* Quite clearly, this second step requires the balancing of the various factual contacts. *Id.* at 35. According to *Henry,* the *Heavner* court did not perform the first step—policy examination. But it did make clear, by reference to the five factors listed in the paragraph quoted above, that "there were insufficient factual contacts to justify application of New Jersey law." 508 F.2d at 33. In other words, the *Henry* court read *Heavner* as establishing New Jersey's method of performing the second step in the governmental interest analysis. It requires the balancing of all five factors enumerated in the quoted passage: (1) where the cause of action arose; (2) amenability to suit in other states; (3) the substantial interest, if any, of New Jersey in the suit; (4) which state's substantive law will apply; and (5) wheth-

---

1. *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 140–41, 305 A.2d 412, 418 (1970).

er the other state's limitations statute has run.[2]

In spite of this clear mandate to weigh all five of the *Heavner* factors when determining the relative "factual contacts" of competing jurisdictions, the court below examined only the first two and concluded that they dictated the outcome of the third and fourth:

> As stated in *Heavner*, 63 N.J. at 141, [305 A.2d 412], the cause of action arose in California, all of the parties were "present" and amenable to jurisdiction there, and *consequently* "New Jersey has no substantial interest in the matter." Under these conditions, the California law is to be applied, and New Jersey, as well as this court, will "borrow" the California statute of limitations.

Appendix at 21a (emphasis added). This completely misinterprets the *Henry* court's view of the *Heavner* test.[3] Determination as to where the cause of action arose and where the parties are amenable to suit do not lead inexorably to findings that New Jersey has no substantial interests or would not apply its substantive law. Under *Henry*, all are determinations to be reached independently and balanced against one another.[4] Therefore, the district court erred in refusing to consider each factor separately and to balance them all together.

Giving each factor its due,[5] however, we are of the opinion that reversal is not required. The plaintiffs conceded at argument that all of the *Heavner* factors except the third—New Jersey's "substantial interest"—weigh against them. And they were unable to suggest any substantial interest New Jersey might have in this case, except for the fact that one of the defendants is incorporated and has its principal place of business in New Jersey.[6]

In support of their contention that this fact alone is a substantial interest outweighing the other *Heavner* factors, they cite *Marshall v. George M. Brewster & Son, Inc.*, 37 N.J. 176, 180 A.2d 129 (1962). This court discussed the latter case in *Henry*:

> The *Heavner* court cites *Marshall v. George M. Brewster & Son, Inc.*, 37 N.J. 176, 180 A.2d 129 (1962), as an example of a case in which the New Jersey court was confronted with significant New Jersey interests.
>
> In *Marshall*, decedent was killed in Pennsylvania because of the negligence of an association of New Jersey defendants who had engaged in a joint venture in Pennsylvania. Plaintiff-administrator, an Ohio resident, sued the New Jersey defendants in a New Jersey state court. The court applied the Pennsylvania

---

**2.** In *Henry*, the district court had applied New Jersey's statute of limitations, while expressly refusing to consider the fourth factor in the *Heavner* balance: which state's substantive law would apply. 366 F.Supp. 1192, 1200–01 & n.12 (D.N.J.1973). This court reversed, declaring that to weigh some of the factors of the *Heavner* balance in isolation from the others would defeat "the very purpose" of the *Heavner* test. 508 F.2d at 32 n.10. Thus, the district court should have determined which state's substantive law would apply.

**3.** Apparently, the district court's misinterpretation was deliberate. In discussing *Henry*, the court below declared:
> The discussion in *Henry*, 508 F.2d 28 (CA 3, 1975) reflects a lack of understanding of what New Jersey did in *Heavner*. That case went beyond *Mellk*, 49 N.J. 226 [229 A.2d 625] (1967) and other intermediate cases. It ruled that under the circumstances of *Heavner*, which are the same as those, here, the court need not go any further than to see that the claim arose in another State, and that all

the parties could have been sued there. That, by itself, is enough, and no balancing of governmental interests is called for.

Even if the *Henry* court's interpretation of *Heavner* were incorrect, the district court could not disregard the clear holding of this court.

**4.** *See* note 2 *supra*.

**5.** At oral argument before this court, the parties agreed that no facts were in dispute. Therefore, this court is in a position to perform the balancing required by *Heavner*. For example, after finding error in the district court's refusal to determine which state's substantive law would apply, this court in *Henry* performed the *Heavner* analysis itself and reversed.

**6.** Very little of the "business" in this case, though, was done in New Jersey. Volkswagen of America's regional office in California ordered from Germany, received, and distributed the automobile in question.

wrongful death statute but refused to apply Pennsylvania's limitation period which would have barred suit. The court in *Heavner* seems to read *Marshall* as saying that a state which has very significant contacts with the defendant will be deemed interested.

Presumably New Jersey's contacts with a defendant as in *Marshall* give the state an interest in enforcing legal duties owed by its citizens and in deterring future misconduct, an interest substantially similar to that adverted to in the false conflict context of *Pfau,* supra. [*Pfau v. Trent Aluminum Co.,* 55 N.J. 511, 263 A.2d 129].

508 F.2d at 35–36. The New Jersey Supreme Court in *Heavner,* however, emphasized that the defendants in *Marshall* were only *temporarily* engaged in the Pennsylvania venture. *Heavner,* 63 N.J. at 141 n. 6, 305 A.2d 412, and the *Henry* court, in turn, explained the significance of that fact:

> Although the sheer presence of a defendant might be sufficient to give New Jersey a government interest in cases like *Marshall* where no other jurisdiction is likely to have greater contacts with the defendant, such a rationale does not apply to a corporation which operated in same fashion in all fifty states and has more substantial activity in other places. The court in *Heavner* seems to question the view that defendant's presence alone, which in *Heavner* was combined with New Jersey incorporation can be sufficient to give New Jersey an interest.

508 F.2d at 36 (emphasis added).

■ In the case before us, California had significantly greater contacts with the defendant, which does business nationwide. A defendant's incorporation and presence in New Jersey cannot be said, without more, to outweigh California's substantial involvement with the parties and the accident in question. Therefore, application of the *Heavner* test leads us to conclude that the New Jersey courts would borrow California's statute of limitations. The judgment of the district court will be affirmed.

SEITZ, Chief Judge, concurring.

While I concur in the result reached by the majority, I feel compelled to express my view of New Jersey law from my reading of *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 305 A.2d 412 (1973). Plaintiffs' sole contention is that New Jersey has a substantial interest in the application of its statute of limitations in the present case. I agree with plaintiffs that, under *Heavner,* if it is determined that New Jersey has a substantial interest in applying its law, the New Jersey courts would, without more, apply New Jersey's own limitation period. They would not, in this situation at least, balance among all five of the *Heavner* factors.

Plaintiffs argue that New Jersey's substantial interest in applying its own law arises from the fact that one of the defendants is incorporated in and has its principal place of business in New Jersey. It is my view that such facts alone are not of the type visualized by the New Jersey court as the basis for concluding that New Jersey has a substantial interest in the present factual and legal context. I do not believe New Jersey would say that making its corporations respond to claims would in itself constitute the requisite substantial interest. To postulate that New Jersey would recognize such a broad-ranging interest would largely result in the negation of the salutary purpose of the *Heavner* rule, particularly in product liability cases.