260 N.J. Super. 505 (1992)
616 A.2d 1352
KENNETH A. WASHINGTON AND JANE WASHINGTON, HIS WIFE, PLAINTIFFS,
v.
SYSTEMS MAINTENANCE CORPORATION, POLYMARK FUTURAIL, JOHN DOE COMPANY AND RICHARD ROE COMPANY, DEFENDANT-THIRD PARTY PLAINTIFFS,
v.
POLYMARK FUTURAIL AND BRIM LAUNDRY MACHINERY CO., THIRD PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
October 8, 1992.
*507 Charles F. Kenny for plaintiffs (Wilentz, Goldman & Spitzer, attorneys).
Gary Matano and Frank D. Samperi for defendant Systems Maintenance Corp. (De Yoe, Heissenbuttel & Mattia, attorneys).
Michael A. Sicola, for defendant-third party plaintiff Polymark Futurail (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys).

OPINION
CASSINI, J.S.C.
Defendants, Systems Maintenance Corporation (hereafter SMC) and Polymark Futurail (hereafter Polymark), both move for summary judgment. The questions presented are whether New Jersey's or California's statute of limitations should apply with respect to plaintiff's personal injury claim and if plaintiff has misapplied the fictitious defendant rule, Rule 4:26-4. These motions arise from the following factual setting.
On December 10, 1986, plaintiff, Kenneth Washington (hereafter Washington) was injured during the course of his employment as a manager at H.A.S.S. Corporation (hereafter H.A.S.S.), a California Company, located in Los Angeles, California. Plaintiff sustained personal injuries when a bag of laundry fell on him from an overhead automatic laundry conveyance system. Plaintiff's injuries included a disc herniation which required surgery. Importantly, at all times relevant to this litigation, Washington has without interruption been a domiciliary of California. That is, prior to the accident, on the day of the accident and continuously thereafter, Washington has resided in California.
*508 SMC, a New Jersey corporation, bought the laundry conveyance system from Polymark, an English company. Polymark designed and manufactured the laundry conveyance system. The system was then bought by Brim Laundry Machinery Company (hereafter Brim), a Texas company, who then sold it to H.A.S.S. in Los Angeles, California. SMC supplied the labor for installation and Polymark supervised the installation of the system.
On or about November 30, 1988, plaintiff filed a products liability and personal injury lawsuit against SMC and a fictitious defendant corporation who allegedly manufactured, designed and/or sold the laundry system. On July 12, 1990, almost four years after the injury, SMC filed a third party complaint against Polymark and Brim Laundry Machinery Company. Polymark was served on December 2, 1991. On April 28, 1992, plaintiff filed an amended complaint, naming Polymark as a direct defendant.
SMC argues that plaintiff's suit should be barred because California's one-year statute of limitations for products liability and personal injury actions should apply, rather than New Jersey's two-year statute of limitations. If California's law applies, then plaintiff's complaint would have been filed after the one-year statute of limitations had expired and would be time barred.
Polymark makes the same argument as SMC regarding the choice-of-law issue. Polymark also argues that plaintiff misapplied the fictitious defendant rule, R. 4:26-4, by waiting to amend the complaint to name Polymark as a direct defendant instead of naming Polymark as a defendant from the outset of the suit. Plaintiff, at the very least, knew of Polymark's involvement with the laundry system prior to his accident because, in the course of his employment with H.A.S.S., he had contacted Polymark when the system needed repair.
The issue of which state's statute of limitations is controlling will be addressed first due to the fact that it directly *509 affects the status of the case as to both SMC and Polymark. New Jersey has a two year statute of limitations for products liability and personal injury actions (N.J.S.A. 2A:14-2) and California has a one year statute of limitations (Cal. Code Civil Proc., Statute 340(3). When a conflict arises regarding choice-of-law, the choice-of-law rules applicable in the forum state should be applied. In Allen v. Volkswagen of America, Inc., 555 F.2d 361, 362 (3rd Cir.1977), the court acknowledged the common-law rule that:
In diversity cases, "the federal courts must follow conflict of law rules prevailing in the states in which they sit." Klaxon Co. v. Stentor Co., 313 U.S. 487, 494, 61 S.Ct. 1020 [1020-21], 85 L.Ed. 1477 (1941). Confronted by a conflict between two competing statutes of limitations, the district court in this case properly turned to the New Jersey case governing the subject, Heavner v. Uniroyal, Inc., 63 N.J. 130 [305 A.2d 412].
The New Jersey Supreme Court established this approach to choice-of-law issues regarding the statute of limitations in Heavner v. Uniroyal, Inc., 63 N.J. 130, 305 A.2d 412 (1973). The Court found the need for a more rational rule for resolving a conflict between two states' statutes of limitations and for limiting forum shopping. In Heavner, both of the plaintiffs resided in North Carolina, the accident occurred in North Carolina and the plaintiffs brought suit in New Jersey against Uniroyal, a New Jersey corporation. The Supreme Court held that:
... when the cause of action arises in another state, the parties are all present in and amenable to the jurisdiction of that state, New Jersey has no substantial interest in the matter, the substantive law of the foreign state is to be applied, and its limitation period had expired at the time the suit is commenced here, New Jersey will hold the suit barred. In essence, we will "borrow" the limitations law of the foreign state. We presently restrict our conclusion to the factual pattern identical with or akin to that in the case before us, for there may well be situations involving significant interests of this state where it would be inequitable or unjust to apply the concept we here espouse. (Id. at 141, 305 A.2d 412).
Thus, the Heavner Court found that the North Carolina law applied, that the statute of limitations had expired and the case was time barred.
*510 Allen v. Volkswagen Inc., supra, involved a factual scenario similar to the case at bar. There, the plaintiff resided in California and the car accident occurred in California, yet the plaintiff brought suit in New Jersey on the eve of the expiration of New Jersey's two-year statute of limitations. Volkswagen was incorporated in New Jersey, but the court found that the New Jersey incorporation was insufficient to prove that New Jersey had a substantial interest in the litigation. "A defendant's incorporation in New Jersey and presence in New Jersey cannot be said, without more, to outweigh California's substantial involvement with the parties and the accident in question." Id. at 364.
The Allen Court adopted and applied a two-prong governmental interest test. This test applies to both statute of limitations and substantive law issues. Veazey v. Doremus, 103 N.J. 244, 510 A.2d 1187 (1986). The two prong governmental test is: 1) the public policy underlying the plaintiff's right to recover and 2) the sufficiency of the factual contacts between the parties and each jurisdiction.
As to the first prong of the governmental test, there are two recognized public policies in New Jersey: 1) the compensation interest of New Jersey domiciliaries and 2) the deterrence of future tortious misconduct. Pine v. Eli Lilly & Co., 201 N.J. Super. 186 at 192, 492 A.2d 1079 (App.Div. 1985).
The court in Pine clearly applied the first public policy consideration of the governmental analysis test by finding that New Jersey had a superior interest in protecting the compensation interests of its domiciliaries. In that case, the plaintiff lived in New York at the time the cause of action arose in New York. Subsequently, the plaintiff moved from New York to New Jersey and then brought the lawsuit in New Jersey. The court found that if a plaintiff is a bona fide New Jersey domiciliary, then the state had a significant governmental interest in the compensation of its domiciliaries.
The Appellate Court noted:

*511 "We are, however, completely in agreement with the trial court that New Jersey's interest in compensating its domiciliaries is paramount, that it outweighs our policy of discouraging forum shopping, and thus here tips the scales in favor of applying the New Jersey statute and "discovery rule." Pine, at page 193, 492 A.2d 1079.
A state is considered interested when the application of its law to the facts of the case will further the state's policies. Hoffman Equipment, Inc. v. Clark Equipment Co., 750 F. Supp. 1222 (D.N.J. 1990). The court in Hoffman held that New Jersey does not have an interest in protecting residents of foreign states. Where alleged tortious conduct occurred outside of New Jersey, the state has an insubstantial interest in hearing the matter.
The court in Hoffman said:
[t]he Virgin Islands clearly has the paramount interest in determining what type and extent of liability those individuals and companies engaged in construction within its territory will have for accidents and injuries at a job site. As in Henry, no less in this case, New Jersey would refuse to apply its substantive law. Comity requires the conduct of Clark be judged by the law of the Virgin Islands. (Id. at 1233)
In the case at bar, Washington, was a resident of California before the accident and remains a domiciliary of California to this day. Accordingly, New Jersey would have no interest in guaranteeing him compensation; he never was and is not now a domiciliary of this state.
The second public policy recognized in New Jersey also is lacking in the facts of this case. Where the tortious activity took place wholly outside of New Jersey as in Heavner, supra., the policy of deterring future tortious conduct is also irrelevant. In Henry v. Richardson-Merrell, Inc., 508 F.2d 28 (3d Cir.1975), the Third Circuit concluded that:
[u]ntil quite recently, the New Jersey governmental interest approach applied only to choices of substantive law. Procedural matters, such as the appropriate statute of limitations, were governed by forum law. In Heavner v. Uniroyal, Inc., 63 N.J. 130, 305 A.2d 412 (1973), the New Jersey Supreme Court abandoned the mechanistic application of the forum statute of limitation in cases where a foreign substantive law was chosen. The Heavner borrowing rule explicitly seeks to discourage forum shopping litigants with slender ties to *512 New Jersey who desire the benefit of New Jersey's more favorable limitation period (Id. at 32) (emphasis added).
Even if New Jersey has an interest in deterring future tortious conduct by SMC, which does business in New Jersey, its "deterrence" interest is no more compelling than California's interest. SMC does business throughout the United States; there is no evidence that SMC does more business in New Jersey than in California. Plaintiff does not provide proof that New Jersey has a superior interest in deterring future misconduct by SMC than California; in fact, the evidence seems to establish that California would have a higher interest in preventing this type of accident from injuring another one of its domiciliaries.
As to the second prong of the governmental analysis test, there are five factors that must be considered: 1) where the cause of action arose; 2) the amenability to suit in other states; 3) the substantial interest of New Jersey in the suit; 4) which state's substantive law will apply; and 5) whether the other state's statute of limitation has run. Allen v. Volkswagen, supra, at p. 362. "The qualitative nature of the contacts is considered so that only contacts which are likely to promote valid state policies are considered relevant." Pine v. Eli Lilly & Co., 201 N.J. Super. 186, 492 A.2d 1079 (1985) citing Henry v. Richardson-Merrell, Inc., 508 F.2d 28 (3rd Cir.1975).
Applying these five factors to the issues of this case results in the finding that California's statute of limitations should be applied. First, California is where the cause of action arose. Second, plaintiff resides in California and the various defendants all do business in California; the parties would thus be amenable to the suit in California. Third, this court is of the opinion that New Jersey does not have a substantial interest in the lawsuit because plaintiff is a non-domiciliary, and California's interest in protecting against future misconduct outweighs New Jersey's interest. Fourth, California's substantive law would apply to this case. Fifth, California's one-year statute of limitations has indeed expired. Therefore, after *513 applying the two-part governmental analysis test, taking into account the public policy considerations and incorporating the five-step factual contact analysis, it is apparent that California is the state with the qualitative, significant contacts and that the expiration of its statute of limitations would bar plaintiff's cause of action. New Jersey does not have a sufficient interest in this litigation to require its statute of limitations to apply; California has a direct interest in protecting its domiciliaries and promoting its public policies. Thus, having filed his complaint after the expiration of the California one-year statute of limitations, plaintiff's cause of action is time barred.
The question of whether, defendant, Polymark's claim that the plaintiff's amended complaint should also be time barred will now be examined. The issue is whether the plaintiff, who used a fictitious name for one of the defendants, may amend his complaint to substitute the true name of the defendant after almost two years, when plaintiff should have known the defendant's identity from the outset of the lawsuit. Rule 4:26-4 states that:
"if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient to identify him. Plaintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name ..."
Where a defendant is sued in a fictitious name because of the plaintiff's inability to ascertain his identity despite diligent efforts, the complaint may be amended after the statute of limitations has run to substitute the defendant's true name and effect service on him, particularly where the defendant can show neither prejudice resulting from, nor reliance upon the lapse of time. Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 299 A.2d 394 (1973). The amendment will be held to relate back to the original complaint and will not be time barred. The purpose of the Rule is to prevent plaintiffs from losing their rights to a remedy. The Rule emanates from the Court's "attempt to balance the defendant's interest in repose with the plaintiff's interest in a just determination of his or her *514 claim." Viviano v. CBS, Inc., 101 N.J. 538, 503 A.2d 296 (1986). However, as held by the Supreme Court in Farrell:
when a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his action. Farrell, supra, 62 N.J. at 115, 299 A.2d 394.
The first prerequisite to a fictitious name designation in a pleading is that the true identity of the defendant be "unknown" to the plaintiff. Marion v. Borough of Manasquan, 231 N.J. Super. 320, 555 A.2d 699 (App.Div. 1989). After filing a complaint which includes a fictitious defendant, plaintiff is required to proceed diligently to amend the complaint without prejudice to the defendant to be joined. Stegmeier v. St. Elizabeth Hospital, 239 N.J. Super. 475, 571 A.2d 1006 (App. Div. 1990). A delay in the application of the fictitious defendant Rule which has been held permissible by our courts, is four and one half months. The waiting by plaintiff's attorney for four and one half months to move to amend the complaint does not constitute a lack of diligence. Fede v. Clara Maass Hospital, 221 N.J. Super. 329, 534 A.2d 443 (1987).
Here, plaintiff was aware of Polymark's involvement in the sale of the laundry system before his accident in December of 1986. He offered this admission during his deposition on July 6, 1989, when he stated that in the course of his employment as a manager he had contacted Polymark when the system needed repair. Polymark alleges that plaintiff had sufficient knowledge to name Polymark in his original complaint and that he did not act diligently to amend his complaint contrary to the Court Rules and case law. Instead, plaintiff waited approximately twenty-one months after the third party complaint was filed to file his amended complaint. It thus can be concluded that plaintiff did not diligently pursue the action. Accordingly, plaintiff shall not be permitted the benefits of the fictitious defendant Rule. See Stegmeier v. St. Elizabeth Hospital, supra; Younger v. Kracke, 236 N.J. Super. 595, 566 A.2d 581 (Law Div. 1989).
*515 In addition, Polymark argues that plaintiff's reliance upon R. 4:8-1 is incorrect. The Rule states:
"the plaintiff, within 20 days after service of the third party complaint upon him, or, if the defendant has sought leave, within 20 days after service upon him of the order granting such leave, may amend his pleading to assert any claim against the third party defendant arising out of the transaction...."
Even if the Rule should apply to these facts, plaintiff did not comply with the Rule which would have allowed him to amend his complaint to name Polymark, as a direct defendant, within twenty days of the service of the third party complaint. The third party complaint was actually served upon Polymark on December 2, 1991, after having been filed on July 12, 1990. Polymark alleges that plaintiff did not take advantage of the Rule and slept on his rights for almost 21 months before filing the amended complaint. Accordingly, plaintiff should not be afforded the benefit of the fictitious defendant Rule and thus is prevented from amending his complaint to name Polymark as a direct defendant.
Plaintiff responds that he was not served with the order allowing service on Polymark until April 21, 1992. Thereafter, he filed the amended complaint naming Polymark directly only seven days later. Plaintiff asserts that he did not sleep on his rights; he complied with the requirements of R. 4:8-1 by amending his complaint within twenty days of the service of the order allowing substituted service of the third party complaint.
In addition, plaintiff states that he followed the prerequisites of R. 4:26-4 and further asserts that as soon as he was able to discover the identity of the designer/manufacturer/seller of the system, he amended his complaint to remove the fictitious defendant. Moreover, plaintiff maintains that Polymark is not prejudiced in any way by being named as a direct defendant because it is already a party to the action.
This court is of the opinion that plaintiff has failed to meet the first requirement of the fictitious defendant Rule; namely, that the true identity of the defendant be unknown to the plaintiff. The record reflects that plaintiff knew Polymark's *516 identity since, at the least, the installation of the laundry conveyance system. Washington had prior dealings with Polymark's personnel and even had a friend who worked for Polymark in England, who recently passed away (as stated in plaintiff's deposition). It is totally unclear why plaintiff did not name Polymark as a direct defendant from the outset of the litigation. It is also unclear why plaintiff did not amend his complaint after his deposition occurred in July of 1989 when he specifically named Polymark as the manufacturer of the system.
Plaintiff has waited too long to receive the benefits of R. 4:26-4. He failed to act diligently to learn the true identity of the fictitious defendant and thus should not be permitted to amend his pleading. Case law has permitted a four month delay, but twenty-one months is not a reasonable delay when, as in this case, the identity of the fictitious defendant was quite easily discoverable or already known.
In addition, plaintiff did not comply with R. 4:8-1. He amended his complaint within 20 days of receiving an order allowing substituted service of the third party complaint upon Polymark, not an order granting leave to file a third party complaint, as permitted by the Rule. Plaintiff must have had notice of the third party complaint prior to receiving the order for substituted service since it was filed with the County Clerk on July 12, 1990.
Plaintiff should have amended his complaint earlier so as to comply with R. 4:26-4 and R. 4:8-1. Consequently, the plaintiff's amended complaint, directly naming Polymark, is also found to be time barred.
In conclusion, SMC and Polymark's motions for summary judgment are granted. The issues of choice-of-law and application of the fictitious defendant rule must be decided as a matter of law, without considering the merits of the case in favor of the defendants. First, it has been established that New Jersey does not have a more substantial interest in the outcome of this *517 litigation than California; in fact, after application of New Jersey's governmental interest approach, it is concluded that California would have the paramount interest in the outcome of this litigation, for protection of its domiciliaries and its public policies. Hence, the California statute of limitation applies. Second, Polymark is correct that plaintiff did not adhere to Rules 4:26-4 and 4:8-1 in amending its complaint. Therefore, SMC and Polymark's motions for summary judgment are granted, that is, plaintiff's complaint is time barred and plaintiff's amended complaint is in violation of the court rules.