**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMAN CHACON, an Arizona resident, | No. 14-17505 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00574-HRH |
| v. | MEMORANDUM* |
| OHIO STATE LIFE INSURANCE COMPANY, a Texas corporation authorized to do and doing business within the State of Arizona, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Argued and Submitted December 15, 2016
San Francisco, California

Before: LUCERO,** GRABER, and HURWITZ, Circuit Judges.

Roman Chacon appeals from a summary judgment favoring the Ohio State

Life Insurance Company ("OSL"). The district court concluded that Chacon's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

claims for breach of contract and insurance bad faith are barred by New Mexico's applicable statute of limitations, N.M. Stat. § 37-1-10. Chacon argues that the district court instead should have applied Arizona's statute of limitations, Ariz. Rev. Stat. § 12-502, under which his claims are timely. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

We review de novo a district court's determination as to choice of law. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1187 (9th Cir. 2001). "In a diversity case, the district court must apply the choice-of-law rules of the state in which it sits." Abogados v. AT&T, Inc., 223 F.3d 932, 934 (9th Cir. 2000). "Arizona courts apply the principles of the Restatement (Second) of Conflict of Laws (1971) to determine the controlling law for multistate torts." Bates v. Superior Court, 749 P.2d 1367, 1369 (Ariz. 1988) (footnote omitted).

Restatement § 142 specifically addresses the parties' present dispute—which state's statute of limitations applies. OSL argues that § 142 does not control because the introductory note to the chapter containing § 142 states that "[t]his Chapter does not deal with the situations where federal courts apply State law." Restatement (Second) of Conflict of Laws ch. 6, intro. note. But that note simply reiterates the familiar principle of Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), that "in all cases where a federal court is exercising jurisdiction solely

2

because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court," <u>Guar. Tr. Co. of N.Y. v. York</u>, 326 U.S. 99, 109 (1945); <u>see also</u> <u>Albano v. Shea Homes Ltd. P'ship</u>, 634 F.3d 524, 530 (9th Cir. 2011) (order) ("A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations."). Because Arizona would apply Restatement § 142 in this instance, <u>see</u> <u>Jackson v. Chandler</u>, 61 P.3d 17, 18-19 (Ariz. 2003), so must we.

Restatement § 142[1] "begins with the <u>general rule</u> that the limitations period of the forum will apply, unless exceptional circumstances make such a result unreasonable and, in cases in which the claim will not be barred under the forum's statute, either of the conjunctive factors stated in section 142(2) is not satisfied." <u>DeLoach v. Alfred</u>, 960 P.2d 628, 630-31 (Ariz. 1998). Thus, a claim that is timely in the forum state will be rejected "only when the state has no substantial interest <u>and</u> the action is barred in another state with a closer relationship to the claim." <u>Jackson</u>, 61 P.3d at 19.

---

[1] Arizona applies Restatement § 142 as revised in 1988. <u>See</u> <u>Jackson</u>, 61 P.3d at 18.

Arizona has a substantial interest in giving its minor residents an opportunity to maintain claims when they reach the age of majority. See Hayes v. Cont'l Ins. Co., 872 P.2d 668, 676 (Ariz. 1994) ("The right to pursue common-law damage remedies is protected by constitutional text, has origins in the foundation and history of our state, and has been jealously protected by this court's jurisprudence from the first days of statehood." (footnote omitted)). Further, Chacon is plainly not "forum shopping," as he is a long-standing Arizona resident who moved to the state when he was ten years old. Cf. Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1001-02 (9th Cir. 2006). OSL has not identified any "exceptional circumstances" warranting a different outcome. Thus, under Restatement § 142, Arizona's statute of limitations controls and Chacon's claims are timely.

We **REVERSE** and **REMAND**.