This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. A-1-CA-36873**

**ALFREDO GRIEGO,**

    Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Gomez Law Offices, LLC
E. Michael Gomez
Roswell, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant Alfredo Griego appeals from his conviction, after a jury trial, of homicide by vehicle (reckless driving), contrary to NMSA 1978, Section 66-8-101(A)

(2004, amended 2016). [2 RP 252] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2}     Defendant continues to argue that (1) "[t]he district court did not fulfill its 'gate-keeping' requirement of determining the State's accident reconstruction expert was properly qualified (or not) prior to allowing his expert opinion testimony as to Defendant's speed" [MIO 2]; (2) "[t]he requested jury instruction was not duplicative and [Defendant] is entitled to jury instructions on his theory of the case if there is evidence to support the instruction" [MIO 4]; (3) "[t]he district court demonstrated bias which cumulatively deprived [Defendant] of his right to a fair and impartial trial" [MIO 6]; and (4) "[t]he evidence in this case was not sufficient to support a conviction, and the conviction should be reversed" [MIO 7]. Defendant has not asserted any new facts, law, or arguments that persuade this Court that our notice of proposed disposition was erroneous. [*See* id.] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore refer Defendant to our analysis in our notice of proposed disposition.

{3}     We additionally note that, although Defendant contends in his MIO that a review of the audio transcript is necessary, he fails to explain why his case requires such review and why trial counsel's and appellate counsel's iteration of the factual and procedural history of the case and appellate arguments are otherwise insufficient. *See* Rule 12-208(A) NMRA (requiring trial counsel to prepare and file a docketing statement); *State v. Ibarra*, 1993-NMCA-040, ¶¶ 4, 10, 116 N.M. 486, 864 P.2d 302 (stating that, in our calendaring system, each side is provided an "opportunity to advance its version of the facts"; "the counsel who tried the case [is required] to prepare the initial docketing statement"; and "[t]he facts contained in the docketing statement are accepted as the facts of the case unless they are challenged," and indicating that we do not allow access to the transcript when "the sole allegation is that it is necessary to sort through the transcript for unidentified error"); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** In addition, with regard to Defendant's contention that the State's expert was not properly qualified and/or that the district court failed to make a record of the expert's qualifications, we reiterate that the expertise required is "sufficient knowledge, skill, experience, training or education so that his testimony will aid the fact finder." *State v. Bullcoming,* 2010-NMSC-007, ¶ 29, 147 N.M. 487, 226 P.3d 1, (internal quotation marks and citation omitted), *rev'd on other grounds by Bullcoming v. New Mexico*, 564 U.S. 647 (2011). Defendant has cited to no authority, and we are aware of none, that requires an expert to understand all of the mathematical bases supporting the formulae that are used in a crash reconstruction expert's analysis, so we assume none exists. *State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that "[w]e will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists"). [*See* CN 2-6]

**{5}** Further, with regard to Defendant's continued argument that his proffered jury instruction was not duplicative, we reiterate that, we view the jury instructions as a whole. [*See* CN 6-8] *State v. Montoya*, 2003-NMSC-004, ¶ 23, 133 N.M. 84, 61 P.3d 793. As we explained previously, in the present case, the jury was instructed on what "reckless" means: "For you to find that the defendant operated a motor vehicle in a reckless manner, you must find that the defendant drove with willful disregard of the

4

safety of others *and* at a speed *or* in a manner that endangered or was likely to endanger any person"—in other words, reckless driving constitutes speeding *and* something else. [1 RP 217 (emphasis added)] As such, Defendant's proffered instruction that speeding alone is insufficient to constitute recklessness is already included in the instruction, albeit with slightly different wording. The district court did not err in refusing the tendered instruction. *See, e.g.*, *Hourigan v. Cassidy*, 2001-NMCA-085, ¶ 33, 131 N.M. 141, 33 P.3d 891 (concluding that a tendered jury instruction that was duplicative and did not provide the guidance that the party contended the jury needed was not error).

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and here, we affirm Defendant's conviction.

{7}     **IT IS SO ORDERED.**


                                        _____
                                        **J. MILES HANISEE, Judge**


**WE CONCUR:**



_____
**JULIE J. VARGAS, Judge**



_____

5

**EMIL J. KIEHNE, Judge**